UNITED STATES, Appellee

v

JOSEPH C. RIEHLE, Private First Class,
U. S. Marine Corps, Appellant

18 USCMA 603, 40 CMR 315

No. 22,040

September 26, 1969

*Captain Jeffery W. Maurer,* USMC, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, *Captain Lester G. Fant, III,* USMCR, and *Captain Patricia A. Murphy,* USMC, were on the pleadings for Appelee, United States.

## Opinion of the Court

Ferguson, Judge:

The accused was convicted by special court-martial of the theft of an automobile, the property of Colonial Motor Sales, Oceanside, California, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. We granted review to determine the validity of his conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

Inasmuch as the accused pleaded guilty to the charge, the record of trial does not contain any evidence relative to the circumstances surrounding the theft. Nor is there any relevant information contained in the sentencing portion of the trial as the accused, through his counsel, expressed a desire to remain silent and, hence, *nothing* was presented in mitigation. Since the accused was tried by special court-martial, no Article 32 investigation was conducted.

The only source for such information is the following synopsis of the circumstances of the offense contained in the action of the convening authority:

"A few days prior to 21 July, 1968, Private First Class RIEHLE went to Colonial Motors Sales in Oceanside, California and questioned the owner thereof concerning the automobile in question. Somehow, RIEHLE apparently obtained an ignition key to the automobile while there at the car lot; he then departed. At approximately 1730 on 21 July, 1968, RIEHLE returned to the car lot and surreptitiously took the authomobile [sic] in question from the lot without permission. He drove the automobile for about one day. On 22 July, 1968 CID was notified that sub-

ject automobile was parked in the 28th Marines area. Upon investigation, CID ascertained that RIEHLE claimed to have purchased the automobile, and had stated to friends that it was his. After a valid warning concerning his rights, RIEHLE admitted to a CID investigator that he had taken the car."

It is apparent that the offense of larceny was committed against the civilian community and, as a consequence, the matter was triable in the courts of the State of California. O'Callahan v Parker, supra. See also United States v Borys, 18 USCMA 547, 40 CMR 259. The only possible "service connection," as reflected by the convening authority's summary, that might be found is the subsequent action of the accused in bringing the stolen property on base. While it might be contended that his action compromised "the security of a military post" (O'Callahan v Parker, supra, 395 US, at page 274), we do not believe that in this case it is sufficient to clothe the court-martial with jurisdiction to try the accused for the offense of larceny.

When the automobile was taken from the used-car lot, the crime of larceny was complete and jurisdiction was thereupon vested in the local courts. There is simply no evidence that the larceny was "service connected," as the subsequent use of the vehicle was irrelevant to the proof of the charged offense. We take no view on whether the bringing of stolen property upon a military base is an offense triable by court-martial. That determination will have to be left for resolution in a proper case. We do hold that under the circumstances of this case, it is insufficient to vest this special court-martial with jurisdiction. O'Callahan v Parker and United States v Borys, both supra.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The charge and its specification are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I dissent for the reasons set out in my opinions in United States v Borys, 18 USCMA 547, 40 CMR 259, and United States v Henderson, 18 USCMA 601, 40 CMR 313.