UNITED STATES, Appellee

v

ROBERT H. McGONIGAL, Staff Sergeant, U. S. Air Force, Appellant

19 USCMA 94, 41 CMR 94

No. 22,407

November 28, 1969

*Colonel Bertram Jacobson* and *Major John T. Dorman* were on the pleadings for Appellant, Accused.

*Colonel James M. Bumgarner* and *Lieutenant Colonel Robert W. Vayda* were on the pleadings for Appellee, United States.

### Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial, convened at Ent Air Force Base, Colorado, of one specification each of sodomy and indecent liberties, with a child under

the age of sixteen, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. He was sentenced to confinement at hard labor for five years and reduction to the grade of Airman Basic. Intermediate appellate authorities affirmed the findings and sentence without change.[1] We granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The victim of the alleged offenses is the dependent daughter of a serviceman and the incidents took place in the latter's civilian residence located in Colorado Springs, Colorado.

Our decision in this case is governed by this Court's holding in United States v Shockley, 18 USCMA 610, 40 CMR 322. Shockley was convicted by court-martial of having committed offenses identical with those charged here. The victim in that case was Shockley's stepson and the incidents took place in their off-base residence at Oceanview, Virginia, and continued after the family moved into Government quarters at Camp Allen, a housing area located within the confines of the Naval Base, Norfolk, Virginia. We sustained Shockley's conviction for the offenses which took place at Camp Allen on the ground that since they were committed on base they were "service connected" within the meaning of O'Callahan v Parker, supra. We concluded, however, that the off-base offenses were not "service connected" and reversed and dismissed those charges and specifications.

In O'Callahan v Parker, supra, the Supreme Court held that in order for a crime to be under military jurisdiction it must be "service connected"; that there must be some connection "between his [accused's] military duties and the crimes in question." O'Callahan v Parker, supra, 395 US, at page 273. Absent such connection and where the offense is cognizable in the civil courts which are open and functioning, an accused may not be denied his right to the benefits of indictment and trial by jury.

Here, as in *Shockley*, we find no "service connection" between the charged offenses and the accused's military duties. Cf. United States v Henderson, 18 USCMA 601, 40 CMR 313; United States v Borys, 18 USCMA 547, 40 CMR 259. The charges and specifications must be disapproved and dismissed.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. The charges and specifications are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review. See my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.

---

[1] The officer exercising general court-martial jurisdiction over the accused designated the 3320th Retraining Group, Lowry Air Force Base, Colorado, as the place of confinement.