UNITED STATES, Appellee

v

FRANK I. SNYDER, Specialist Four,
U. S. Army, Appellant

20 USCMA 102, 42 CMR 294

No. 22,937

November 6, 1970

*Captain Howard L. Kaplus* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Lieutenant Colonel Charles W. Schiesser.*

*Captain Benjamin G. Porter* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

## Opinion of the Court

FERGUSON, Judge:

Since the offenses for which the accused stands convicted by general court-martial, involuntary manslaughter (child beating) and assault, in violation of Articles 119 and 128, Uniform Code of Military Justice, 10 USC §§ 919 and 928, occurred off base in the civilian community of Columbus, Georgia, appellate defense counsel contend that the court-martial lacked jurisdiction to try these offenses on the basis of the Supreme Court's opinion in O'Callahan v Parker, 395 US 258 23 L Ed 2d 291, 89 S Ct 1683 (1969). We agree. United States v Borys, 18 USCMA 547, 40 CMR 259 (1969).

In essence, the Supreme Court held in *O'Callahan,* supra, that in order for court-martial jurisdiction to attach, the offense charged must in some way be *service-connected.*

The Court of Military Review, in this case, found that "the appellant is charged with the commission of offenses, apparently while on pass, not on a military post or enclave, where the persons attacked were not performing any duty relating to the military, at a time and place where the civil courts were open." It held, however, that the offenses were *service-connected,* since the victims were military dependents, the son and wife of the accused.

We cannot accept that holding for we have already decided to the contrary. United States v Borys, supra; United States v Shockley, 18 USCMA 610, 40 CMR 322 (1969); United States v Henderson, 18 USCMA 601, 40 CMR 313 (1969); United States v McGonigal, 19 USCMA 94, 41 CMR 94 (1969). In *Borys,* where some of the victims were the dependents of servicemen overseas, we ordered the dismissal of all of the charges and specifications. In *Shockley,* the victim was the accused's dependent stepson, and in *Henderson* and *McGonigal,* the victims were the dependent daughters of servicemen at the same base. In each of these cases, we held that the status of the victims as military dependents did not provide the *service-connection* necessary for court-martial jurisdiction.

Nor do we believe the fact that the victim of the charge of involuntary manslaughter expired while a patient at a military hospital confers jurisdiction in a court-martial. United States v Riehle, 18 USCMA 603, 40 CMR 315 (1969). The actions which led to the infant's death had already taken place prior to his being hospitalized, and his death simply determined the nature and degree of the offense to be charged.

Since we find that the offenses of which the accused was convicted were not *service-connected* and were triable in the civilian courts of the State of Georgia, which were open and functioning, we hold that the court-martial was without jurisdiction to proceed. O'Callahan v Parker and United States v Borys, both supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges and specifications are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would sustain the exercise of court-martial jurisdiction on the basis of my dissent in United States v Borys, 18 USCMA 547, 550, 40 CMR 259 (1969).