JULIAN LEE, Private, Petitioner

v

WILLIARD PEARSON, Major General, Commanding General, United States Army Training Center, Fort Lewis, Washington, Respondent

18 USCMA 545, 40 CMR 257

Miscellaneous Docket No. 69–40

August 29, 1969

 

*Kenneth A. MacDonald, Esquire, Francis Hoague, Esquire, Alec Bayless, Esquire, Stephen R. Feldman, Esquire,* and *Jeffrey Steinborn, Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

In his Petition for Writ of Prohibition or Writ of Mandamus, petitioner alleges that on April 23, 1969, the Secretary of the Army denied his "Request for Discharge as a Conscientious Objector." Thereafter, he filed a second "Request" which was returned to him without action. While preparing an application to the Board for Correction of Military Records, his Company Commander ordered him to "train —to go out and join the company." Petitioner acknowledges he refused to obey this order, stating compliance would "violate the dictates of his conscience." A charge alleging a violation of Article 90(2), Uniform Code of Military Justice, 10 USC § 890, was preferred and has been referred to trial by a general court-martial appointed by the respondent.

Petitioner seeks to stay the proceedings of the general court-martial pending a decision of the Board for Correction of Military Records.

In United States v Noyd, 18 USCMA 483, 40 CMR 195, we held:

"Fundamental to an effective armed force is the obligation of obedience to lawful orders. The obligation to obey a lawful order cannot be, and is not, as a matter of law, terminated on the mere occurrence of a condition or circumstance that might justify separation from the service. On the contrary, the obligation to obey continues until the individual is actually discharged in accordance with the provisions of law. . . . Consequently, the fact that a person in a military status determines that he has undergone a change of conscience does not, at that instant and from that time, endow him with the right to decide what orders are compatible with his conscience."

That holding is dispositive here.

The extent of the limitations upon duty assignments of individuals applying for discharge effected by Army Regulation 635–10, May 21, 1968, terminate with the action of the Secretary denying the application. They are not revived by the mere fact of an appeal to the Board for Correction of Military Records. Upon the announcement of the Secretary's action, the petitioner had no right "to decide what orders are compatible with his conscience." United States v Noyd, supra.

Our conclusion is not to be construed as dispositive of the issue of the guilt or innocence of the petitioner with reference to the charge now pending trial. That determination may be made only by the court-martial upon the basis of all of the evidence presented.

Since no basis for relief is presented in the petition, it is denied.