**James Roy GOSA, Petitioner,**

v.

**J. A. MAYDEN, Federal Correctional Institution, Tallahassee, Florida, Respondent.**

**TCA 1519.**

United States District Court
N. D. Florida,
Tallahassee Division.

Nov. 13, 1969.

James Roy Gosa, in pro. per.

Clinton Ashmore, Asst. U. S. Atty., Northern District of Florida, Tallahassee, Fla., for respondent.

ORDER

ARNOW, Chief Judge.

This cause is before this Court on petition for writ of habeas corpus. Petitioner is presently confined at the Federal Correctional Institution, Tallahassee, Florida, as the result of a military court-martial on December 2, 1966. Petitioner alleges that he was convicted by military court-martial for a nonservice connected offense, and argues that the recent Supreme Court case of O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), should be applied retroactively to his case. The United States Attorney has responded to the Court's order to show cause by first denying that the rule of *O'Callahan* is applicable to the facts of this case, and then by arguing that even if applicable, *O'Callahan* should be applied prospectively, rather than retroactively.

From a reading of the record presented in this case, it is obvious that Petitioner was convicted by military court-martial for a crime which was non-service connected as defined by *O'Callahan*. Petitioner was convicted of rape, which occurred while he was off base, off duty, dressed in civilian attire, and with the woman involved being a civilian. The sole but important question remaining for this Court to consider is that of the retroactive application of *O'Callahan*.

The majority of the court in the *O'Callahan* case held that a member of the Armed Forces who is charged with commission of a crime cognizable in a civilian court and having no military significance or connection is entitled to his constitutional rights of indictment by a grand jury and trial by a petit jury in a civilian court, and that a court-martial proceeding has no jurisdiction over such crimes. In spite of the fact that the Supreme Court, in *O'Callahan*, talks in terms of a lack of jurisdiction on the part of military courts martial, this Court is of the opinion that the basic rules laid down in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), should apply to this case.

As previously pointed out, inherent in the *O'Callahan* decision is the constitutional right to trial by jury. In an analogous situation, the Supreme Court, in DeStefano v. Woods, supra, held that

the jury trial requirements imposed upon the states by Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), should be applied prospectively rather than retroactively. In considering whether *O'Callahan* should be applied retroactively the following considerations laid out in Stovall v. Denno, 388 U.S. 297, 87 S.Ct. 1967 (1967), should be examined:

a) The purpose to be served by the new standard;

b) The extent of the reliance by law enforcement authorities on the old standards; and

c) The effect on the administration of justice of a retroactive application of the new standard.

The Court, in the *O'Callahan* case, went to great lengths to contrast the court-martial procedure with that of trial by a jury of one's peers. *O'Callahan* holds that military men who commit non-service connected crimes are entitled to indictment by a grand jury and trial by a jury, because our civilian court system is better able to protect the constitutional rights of defendants. This Court does not understand, or construe, *O'Callahan* as inferring or holding that all past military courts-martial must be labeled unfair and viewed as being infected with the danger of having convicted the innocent. The values implemented by the right to indictment by a grand jury and the right to a jury trial would not measurably be served by requiring retrial of all persons convicted in the past by a court-martial proceeding. Moreover, both the military and civilian authorities have relied on the previously unquestioned constitutionality of those provisions of the Uniform Code of Military Justice, enacted by Congress, that provided for military jurisdiction over non-service connected crimes committed by servicemen. As pointed out by Justice Harlan in a dissenting opinion in the *O'Callahan* case, the military was justified in believing they had jurisdiction over these non-service connected crimes. Finally, the effect of a holding of general retroactivity on law enforcement and the administration of justice would be significant, because the military court-martial has been used extensively in this country for years. A figure supplied by the United States Attorney, in his response to this Court's order to show cause, estimates that there have been in excess of 4,000,-000 court-martial convictions since 1917.

For these reasons, this Court holds that O'Callahan v. Parker does not apply retroactively.

Therefore, it is

Ordered: Petition for writ of habeas corpus is hereby denied.