JAMES R. GOSA, former Airman Third Class, U. S. Air Force, Petitioner

v

UNITED STATES, Respondent

19 USCMA 327, 41 CMR 327

Miscellaneous Docket No. 69–64

March 20, 1970

*Colonel Bertram Jacobson* and *Major Frank T. Moniz* were on the pleadings for Petitioner.

*Colonel James M. Bumgarner* and *Major Robert L. Bates* were on the pleadings for Respondent.

## Opinion of the Court

DARDEN, Judge:

In December 1966 a general court-martial[2] at Francis E. Warren Air Force Base, Wyoming, convicted the petitioner of raping a civilian off military property in Cheyenne, Wyoming, and sentenced him to a bad-conduct discharge, total forfeitures, confinement at hard labor for ten years, and reduction to the lowest pay grade. This Court denied his petition for grant of review in August 1967. He now is serving his sentence at the Federal Correctional Institution, Tallahassee, Florida.

The petitioner filed with this Court a motion to vacate sentence as a result of a decision by the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), and the decision of this Court in United States v Borys, 18 USCMA 547, 40 CMR 259 (1969), applying the *O'Callahan* principle to a case that was still subject to direct review before the date of the *O'Callahan* opinion. He also petitioned for a writ of habeas corpus in the United States District Court for the Northern District of Florida. That petition was denied in Gosa v Mayden, 305 F Supp 1186 (1969), an opinion referred to in the decision of this Court in Mercer v

[2] ACM 19784.

Dillon, 19 USCMA 264, 41 CMR 264 (1970), in which we held that the *O'Callahan* principle does not apply to cases that had become final under Article 76 of the Uniform Code of Military Justice, 10 USC § 876, before the date of the *O'Callahan* opinion.

For the reasons outlined in *Mercer* the petition is denied.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In this petition, as in Mercer v Dillon, 19 USCMA 264, 41 CMR 264 (1970), the question now before us revolves about the prospective or retrospective application of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), that a court-martial is without jurisdiction to proceed unless the charged offense is "service-connected." The majority of this Court have denied the accused's petition for extraordinary relief, in accordance with their holding in *Mercer* that the principle of the *O'Callahan* opinion applies only to those cases still subject to review by this Court on the date of the *O'Callahan* opinion.

I have no alternative but to record my disagreement with their holding in this case for the same reasons as set forth in my dissent in Mercer v Dillon, supra.

Since I believe that the court-martial lacked jurisdiction over the charged offenses (O'Callahan v Parker, supra; United States v Borys, 18 USCMA 547, 40 CMR 259 (1969)), I would grant the petition, set aside the findings and sentence, and order the charges dismissed.