**Kenneth H. SCHLOMANN, Petitioner,**

v.

**R. I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.**

**No. L–1003.**

United States District Court,
D. Kansas.

May 19, 1970.

Robert E. Davis, Leavenworth, Kan., for petitioner.

Robert H. Roth, U. S. Atty., Wichita, Kan., Richard E. Oxandale, Asst. U. S. Atty., Topeka, Kan., Arnold I. Melnick, Lt. Col., JAGC, and Richard F. Locke, Capt., JAGC, Washington, D. C., for respondent.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This case is before the court on a petition for writ of habeas corpus filed in behalf of Kenneth H. Schlomann, an inmate of the United States Penitentiary, Leavenworth, Kansas. This court issued a writ, and a hearing was held on January 30, 1970. The petitioner is in the custody of respondent by virtue of a sentence of life imprisonment imposed upon him by a general court-martial, January 28, 1964, upon his conviction of unpremeditated murder, felonious murder (two specifications), assault with a dangerous weapon, and attempted robbery. He has exhausted all available remedies in the military system.

All of the offenses for which Schlomann was tried and convicted were committed off-post against civilians in the State of Alaska. The United States Supreme Court in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), held that a military court lacks jurisdiction to try a serviceman for a non-service connected offense. The petitioner contends that *O'Callahan* must be given retroactive effect, thereby compelling his release, and this is the sole issue to be resolved.

The petitioner argues that the United States Court of Military Appeals has in fact applied *O'Callahan* retroactively in several cases, although the issue of retroactivity was not explicitly decided. See, *e. g.*, United States v. Borys, 18 U.S.C.M.A. 545, 40 C.M.R. 257 (1969); United States v. Prather, 18 U.S.C.M.A. 560, 40 C.M.R. 272 (1969). However, in Mercer v. Dillon, U.S.C.M.A., No. 69–57 (March 6, 1970), that court held that *O'Callahan* was not to be retroactively applied. In the perspicacious opinion of Judge Darden, the court explained this apparent incongruity. At page 3 of the opinion the court said:

"This Court has already given a limited retrospective effect to the *O'Callahan* decision by applying it to those cases still subject to direct review on the date of that decision. [Citing *Borys* and *Prather*]"

The court recognized that *O'Callahan* speaks in terms of jurisdiction, and that, traditionally, lack of subject-matter jurisdiction voids a conviction. Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1879). However, it expressed the view that this did not necessarily change the pronouncement in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed. 2d 601 (1965), that the Constitution neither prohibits nor requires retrospective effect.

The Air Force judiciary faced the principal question in United States v. King, A.C.M. 20361 (July 30, 1969), and denied retroactive application upon the basis that the limitation imposed by *O'Callahan* is "functional" rather than jurisdictional. In addition, the following cases have come to the court's attention, all denying retroactive effect to *O'Callahan:* Gosa v. Mayden, 305 F. Supp. 1186 (N.D.Florida 1969); Thompson v. Parker, 308 F.Supp. 904 (M.D. Penn., 1970); and Harkcom v. Parker, 341 F.Supp. 751 (M.D.Pa.1970). In each of these cases the court applied the three criteria enumerated in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), in determining whether a decision that overturns established law should be given retroactive effect. These are:

(a) The purpose to be served by the new standard;

(b) The extent of the reliance by law enforcement authorities on the old standards; and

(c) The effect on the administration of justice of a retroactive application of the new standard.

The respondent stresses the latter two factors as compelling only prospective application of the *O'Callahan* standard.

After hearing the arguments of counsel and reviewing the pertinent decisions, I am convinced that the impact of retrospective application upon the administration of justice would be staggering. The court in Gosa v. Mayden, *supra*, observed in its opinion that there have been in excess of 4,000,000 court-martial convictions since 1917. And in Mercer v. Dillon, *supra*, the court said:

" * * * * For the one fiscal year of 1968, the Army, the Navy, and the Air Force conducted approximately 74,000 special and general courts-martial. If only the smallest fraction of these courts-martial and those conducted in the other years since 1916 involved an *O'Callahan* issue, it is an understatement that thousands of courts-martial would still be subject to review. The range of relief could be extensive, involving such actions as determinations by the military departments of whether the character of discharges must be changed, and consideration of retroactive entitlement to pay, retired pay, pensions, compensation, and other veterans benefits. Among the difficulties would be the necessity of reconstructing the pay grade that a member of the armed forces would have attained except for the sentence of the invalidated court-martial, a task complicated by the existence of a personnel system involving selection of only the best qualified eligibles and providing for the elimination of others after specified years of service."

Similarly, as to the second test applied in *Stovall*, the armed forces have

in good faith acted upon the assumption that their courts were empowered to try non-service connected offenses. I agree with the court in *Mercer* that the decision in *O'Callahan* was not foreshadowed by other opinions which cast doubt upon the power of a military tribunal to try such offenses, and that both military and civilian authorities have relied upon the existence of military jurisdiction to try and sentence military personnel charged with the commission of such crimes.

Despite the fact that the Supreme Court, in *O'Callahan*, speaks in terms of lack of jurisdiction on the part of military courts-martial, I am of the opinion that the principles enunciated in Linkletter v. Walker, *supra*, and Stovall v. Denno, *supra*, must be applied to that decision and that the rule there announced has only prospective application.

It is ordered that the writ of habeas corpus be discharged and that this action be dismissed.