June 10, 1970

No. 70-43 Jeffrey R. MacDonald, CAPT, U. S. Army v LG John J. Tolson, U. S. Army, Commanding General, 18th Airborne Corps and Fort Bragg, North Carolina, et al.

On consideration of the Petition for Writ of Injunction and Temporary Restraining Order filed on behalf of petitioner in the above-entitled case, it is, by the Court, this 10th day of June 1970,

ORDERED:

That said Petition be, and the same is, hereby denied without prejudice to assertion of appropriate objections at trial to the admissibility of the evidence, if any, obtained as a result of the proceedings challenged in the Petition.

(J. DARDEN would dismiss the Petition for lack of jurisdiction.)

October 7, 1969

No. 69-47 Fred J. Fleiner, CDR, U. S. Navy v Rear Admiral George P. Koch, USN, Commandant, Naval District Washington; Captain Louis L. Milano, USN, Military Judge; Lieutenant John J. McGrath, USNR, Trial Counsel.

On consideration of the Petition for Writ of Prohibition filed in the above-entitled case, and the Reply to the Order of this Court dated September 23, 1969, directing Respondents to show cause in writing why the relief sought should not be granted, it appearing that the parties agree to the circumstances of the commission of the acts alleged in Charge I and its specification and Charge II, specification 2, on a certain charge sheet dated January 9, 1969, which said charges are among those referred to trial before a general court-martial appointed by Serial 2056, June 26, 1969, of the Commandant, Naval District of Washington, D. C. Charge I and its specification allege an indecent assault upon the petitioner's civilian ward while they were on civilian premises in San Diego, California. Charge II, specification 2, alleges an indecent act with the same civilian person in the same civilian premises. None of the circumstances indicate that either of the alleged acts is service-connected so as to allow trial thereof by court-martial within the constitutional limitation on court-martial jurisdiction delineated by the United States Supreme Court in O'Callahan v Parker, 395 US 258. See also United States v Shockley, 18 USCMA 610, 40 CMR 322; United States v Borys, 18 USCMA 545, 40 CMR 257.

It is therefore by the Court this 7th day of October, 1969,

ORDERED:

That the Writ of Prohibition be, and the same hereby is, granted, and the Respondents be and hereby are prohibited and restrained from ordering or otherwise requiring the Petitioner to stand trial before a court-martial for the alleged acts set out in the aforementioned Charge I and its specification, and Charge II, specification 2.