UNITED STATES, Appellee

v

STEPHEN K. PRATHER, Private,
U. S. Army, Appellant

18 USCMA 560, 40 CMR 272

No. 21,603

September 5, 1969

*Captain Eugene W. Murphy, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Stephen Arinson,* and *Captain Thomas R. Maher.*

*Captain William R. Steinmetz* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major R. Kevin McHugh,* and *Captain John C. Lenahan.*

DARDEN, Judge:

A general court-martial sentenced Prather to a dishonorable discharge, total forfeitures, and confinement at hard labor for ten years after finding him guilty of wrongful appropriation of an automobile, robbing a gasoline station, and resisting arrest, in violation of Articles 121, 122, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 922, and 934, respectively. As a result of a pretrial agreement, the convening authority reduced the confinement at hard labor from ten years to three years and six months, leaving unchanged the dishonorable discharge and total forfeitures. The board of review affirmed.

The facts pertinent to the decision are these: On the morning of August 10, 1967, the accused appropriated a 1964 civilian-owned Volkswagen sedan parked behind an office building in Marietta, Georgia. After purchasing a .22 caliber revolver and a box of cartridges, he held up the attendant of a service station in Mableton, Georgia, obtaining $148.00. Later, while driving the misappropriated vehicle, he exchanged gunshots with pursuing police. Eventually Prather drove into a block wall, escaped from the car, and ran to the home of his parents where he hid in the basement. There he was taken into police custody.

Three of the four issues granted by this Court center on the procedure that should follow a plea of guilty under a pretrial agreement when there is a substantial question about the mental ability of the accused to adhere to the right at the time of the offenses. The remaining issue, however, controls the disposition of this case. It questions the court-martial's jurisdiction of the offenses charged against this accused under O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). Under the standard there set out, where the crimes involve civilians unconnected with the military, if the offenses are not committed on a military post, do not occur at "an armed camp under military control, as are some of our far-flung outposts," do not breach military security, flout military authority, or affect military property, and if civil courts are open, the offenses are not "service connected," and the military is without jurisdiction to try the crimes. Id., at page 273. Tested by this standard, the crimes committed by Prather are not service-connected within the meaning of O'Callahan. We are, therefore, required to set aside the findings of guilty and sentence and order the charges dismissed, relegating the accused's case to such action as the State of Georgia may wish to take in light of his alleged transgressions. United States v Borys, 18 USCMA 547, 40 CMR 259. The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. The charges are ordered dismissed.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

Apart from the fact that I would sustain court-martial jurisdiction on the basis of my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259, one other factor bearing on the power of the court-martial to try this case merits discussion.

Initially, the accused was apprehended by civilian authorities. Through the efforts of his civilian counsel, he obtained his release from the civilian authorities and an informal commitment that no civilian prosecution would be had if the military "punished" him. It is, of course, settled that court-martial jurisdiction over the person cannot be conferred by consent. Never before O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), however, had there been any need to consider whether the accused can consent to be tried by court-martial for an offense which is cognizable in a civilian court. That question is raised by this case.

Congress has defined the accused's acts as crimes and made them triable

by court-martial. As my brothers construe *O'Callahan,* the accused has the constitutional right to be tried for the offenses of the kind in issue in a civilian court. Constitutional rights can be waived. I have no doubt that the accused's civilian counsel knew and understood the rights to which the accused was entitled if the trial was held in a civilian court. In these circumstances, I think the accused effectively waived the rights he would have had if tried in a State court and effectively consented to trial in a military court which, under the Uniform Code of Military Justice, is empowered by Congress to try the offenses of which the accused stands convicted.

As to the validity of the accused's plea of guilty, this Court is not the accused's counsel and it does not, in my opinion, have the right to change decisions made by the accused and his civilian and military lawyers after full and informed consideration of all the relevant circumstances, especially when the decisions are deemed by them to be beneficial to the accused. Of course, we can protect an accused against the errors of incompetent counsel or against a manifest miscarriage of justice, but neither of these is present in this case. See my dissent in United States v Leggs, 18 USCMA 245, 39 CMR 245.

I would affirm the decision of the board of review.