UNITED STATES, Appellee

v

DANIEL F. CRAPO, Private,
U. S. Army, Appellant

18 USCMA 594, 40 CMR 306

No. 21,866

September 26, 1969

*Colonel Daniel T. Ghent, Major John Wall Hanft,* and *Captain Karl J. Uebel* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Lieutenant Colonel David Rarick, Major Edwin P. Wasinger, Major R. Kevin McHugh,* and *Captain Larry S. Seuferer* were on the pleadings for Appellee, United States.

### Opinion of the Court

FERGUSON, Judge:

We granted review in this case to determine the validity of the accused's conviction by general court-martial, in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). Cf. United States v Borys, 18 USCMA 547, 40 CMR 259.

The accused pleaded guilty to one specification each of being absent without leave, robbery, and attempted robbery, in violation of Articles 86, 122, and 80, respectively, Uniform Code of Military Justice, 10 USC §§ 886, 922, and 880. After findings the prosecution read to the court the following stipulation of fact:

"On or about 1 June 1968, Private E2 Daniel F. Crapo absented himself without proper authority from his unit, B Btry, 2d BN, 18th Artillery, Fort Lewis, Washington, and remained so absent until apprehended on or about 18 June 1968.

"On or about 3 June 1968, at Paine Field, Seattle, Washington, Private E2 Daniel F. Crapo, together with Ronald Struck, did rob from Mr. James V. Luppino, a taxi driver, the sum of approximately forty dollars.

"On or about 4 June 1968, at Seattle Washington, Private E2 Daniel F. Crapo and Ronald Struck, with a rope, did attempt to rob money from Mr. Earl J. Roan, another cab driver, but, upon having the rope around the cab driver's neck break, failed." [Prosecution Exhibit 1.]

The offense of being absent without leave is not within the purview of our grant of review as its "service connection" is unquestioned. O'Callahan v Parker, supra. Rather, the only issue, presented by these facts, is simply whether this accused may be tried by court-martial for the crimes of robbery and attempted robbery committed against civilians when the local courts are open and functioning.

According to information contained in the Article 32 investigation, the attempt to rob Mr. Roan occurred in the 2900 block of West Garfield Street, Seattle, Washington. There is no evidence in this record that the offense had any military significance other than the status of the accused as a member of the armed forces of the United States. Since the courts of the State of Washington have cognizance of this offense, it is apparent that the court-martial was without jurisdiction to proceed thereon. O'Callahan v Parker, supra. See also United States v Borys, supra.

The facts surrounding the robbery of Mr. Luppino, however, dictate a different result. Luppino was hired by the accused and a companion to drive them to Paine Field, Washington, a military reservation. Upon arrival at

**595**

Paine Field, Luppino was struck on the head several times, told that one of his riders had a gun, and directed to drive them to Portland, Oregon. About three blocks outside the gate to Paine Field, Luppino's wallet was taken and the money extracted therefrom. When a stop was made for gasoline, Luppino jumped from the cab and the accused and his companion ran away.

Although the actual taking of Mr. Luppino's money occurred in the civilian community and the civilian courts had cognizance thereof, the fact that the assault and force and violence, elements of the robbery, took place within the confines of a military reservation is, in our opinion, a sufficient basis to sustain military jurisdiction over the offense. O'Callahan v Parker, supra. The security of the base demands it.

The finding of guilty of attempted robbery is reversed and the charge and its specification are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the remaining findings of guilty or a rehearing on sentence may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (concurring in part and dissenting in part):

I would affirm the decision of the board of review. See my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.