UNITED STATES, Appellee

v

WILLIAM L. HENDERSON, Sergeant, U. S. Air Force, Appellant

18 USCMA 601, 40 CMR 313

No. 22,128

September 26, 1969

Colonel Bertram Jacobson was on the pleadings for Appellant, Accused.
Lieutenant Colonel Robert W. Vayda and Major Robert L. Bates were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial, convened at Ramey Air Force Base, Puerto Rico, of two specifications of carnal knowledge of a female under the age of sixteen, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. We granted review to determine the validity of this conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

According to the evidence of record, the accused met the fourteen-year-old

daughter of another serviceman in the Liner Diner Cafeteria, Ramey Air Force Base, Puerto Rico. They talked and he walked her home. They met the next day and on that evening she went with him to his off-base apartment at Aguadilla, Puerto Rico, where they engaged in sexual intercourse. On the following evening, they again engaged in sexual intercourse at the same place.

The jurisdictional aspects of this case are sufficiently similar to those pertaining in O'Callahan v Parker, supra, to dictate the same result. Only the status of the victim as a military dependent and the fact of their meeting on base, differentiate the two cases. While these factors might, in a proper case, provide the necessary "service connection" to invest a court-martial with jurisdiction over a particular offense, we do not believe they are controlling here.

It was not essential to their initial meeting that the victim shall have been a military dependent for, in the main, military posts are open to the public. We know of no reason to believe that the rules at Ramey Air Force Base are to the contrary. In addition, her service-connection was natal and not legal and, as such, insufficient to bring her personally within the ambit of the Uniform Code. Reid v Covert, 354 US 1, 1 L Ed 2d 1148, 77 S Ct 1222 (1957). In her testimony at trial, the victim did not indicate that her activities with the accused were in any manner premised on his status as a serviceman. She fully consented to both acts of intercourse, willingly cooperated therein, and replied in the affirmative when asked by defense counsel if she knew "it was going to occur before it did occur." The incidents came to light during an investigation to locate her when she ran away from home. Her act of running away had no connection with the accused or their activities together.

Since the offenses of which the accused was convicted were not "service connected," the court-martial was without jurisdiction to proceed thereon. O'Callahan v Parker, supra. See also United States v Borys, 18 USCMA 547, 40 CMR 259.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. The charge and its specifications are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

The female involved in the two offenses is the daughter of an airman stationed at Ramey Air Force Base. The accused met her in a cafeteria on base and the acts were committed in his apartment outside Gate 5 of the base. In O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), the Supreme Court referred with apparent approval to Colonel Winthrop's observation that an offense against a civilian "at or near a military camp or post" is a distinctively military crime. 395 US 258, footnote 19. In addition to the military significance of the offense, I would uphold the exercise of court-martial jurisdiction over these offenses for the reasons set out in my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.