UNITED STATES, Appellee

v

KENNETH R. PAXIAO, Private,
U. S. Army, Appellant

18 USCMA 608, 40 CMR 320

No. 22,230

September 26, 1969

*Colonel Daniel T. Ghent, Captain Lee A. Rau,* and *Captain Robert B. Harrison, III,* were on the pleadings for Appellant, Accused.

*Major R. Kevin McHugh* and *Captain James L. Rider* were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

The accused pleaded guilty before a general court-martial, convened at the Presidio of San Francisco, California, to charges of being absent without leave, desertion, and wrongful appropriation of a truck, in violation of Articles 86, 85, and 121, Uniform Code of Military Justice, 10 USC §§ 886, 885, and 921, respectively. We granted review to determine the validity of his conviction of the wrongful appropriation of the truck (Additional Charge II), in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

In view of the plea, evidence presented at trial in the form of a stipulation of fact (Prosecution Exhibit 1) reflected the following information concerning Additional Charge II:

"IT IS HEREBY STIPULATED AND AGREED by and between the Prosecution and the Defense with the express consent of the Accused, that:

. . . . .

"That on 4 September 1968, Private Paxiao discovered a 1954 Ford Pick-up Truck, of some value, owned by Mr. Joseph Aguillar of San Mateo, parked on Wright Loop, Presidio of

San Francisco, with the ignition key in the truck. The accused, as driver, and another soldier drove the truck across the Oakland-San Francisco Bay Bridge to San Leandro, California, where they were apprehended by civilian police and returned to military control at 1315 hours on 4 September 1968, approximately three and one-half hours after they had left the Presidio of San Francisco, California."

While it is apparent that the crime was committed against a civilian and that civilian property was involved, the offense occurred on the Presidio of San Francisco, a military reservation. Under these circumstances, we are constrained to hold that since the crime directly affected "the security of a military post" (O'Callahan v Parker, supra, 395 US, at page 274), there is a sufficient basis to sustain military jurisdiction. O'Callahan v Parker, supra. See also United States v Crapo, 18 USCMA 594, 40 CMR 306.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.