UNITED STATES, Appellee

v

JERALD P. SMITH, Airman First Class,
U. S. Air Force, Appellant

18 USCMA 609, 40 CMR 321

No. 22,180

September 26, 1969

*Colonel Bertram Jacobson, Lieutenant Colonel Leonard Eichner,* and *Major Clarence E. Powell* were on the pleadings for Appellant, Accused.

*Colonel James M. Bumgarner* and *Lieutenant Colonel Robert W. Vayda* were on the pleadings for Appellee, United States.

### Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial, convened at Ramey Air Force Base, Puerto Rico, of one specification of carnal knowledge of a female under sixteen years of age, not his wife, at divers times between October 5 and December 14, 1968, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920. We granted review to determine the validity of the accused's conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

This case differs from that which pertained in United States v Henderson, 18 USCMA 601, 40 CMR 313, where we dismissed for lack of jurisdiction, in only one respect—the place where the offense occurred. Henderson was also convicted of carnal knowledge.

Here, as in *Henderson*, the accused was stationed at Ramey Air Force Base and this victim too was the dependent daughter of a serviceman. However, in this case, unlike Henderson, the accused had sexual intercourse with the victim at various locations in *on-base* housing at Ramey Air Force Base while in *Henderson* the offenses took place *off base* at Henderson's apartment in Aguadilla, Puerto Rico. This difference is a vital one for, as we have noted in other cases (United States v Crapo, 18 USCMA 594, 40 CMR 306; United States v Paxiao, 18 USCMA 608, 40 CMR 320), the need to maintain "the security of a military post" (O'Callahan v Parker, supra, 395 US, at page 274) is sufficient to vest in the court-martial jurisdiction to try this offense.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.