UNITED STATES, Appellee

v

GRADY L. SHOCKLEY, Machinist's Mate Second Class, U. S. Navy, Appellant

18 USCMA 610, 40 CMR 322

No. 21,667

September 26, 1969

*Captain Michael I. Walling*, USMCR, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche*, USMC, and *Captain Lester G. Fant, III*, USMCR, were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial of one specification each of sodomy and committing a lewd and lascivious act, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 295 and 934, respectively. The convening authority disapproved and dismissed the conviction under Article 134. We granted review to consider the validity of the accused's conviction for the offense of sodomy in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The record contains the testimony of the accused's stepson to the effect that he and the accused engaged in acts of anal and oral copulation on divers occasions between June 1965 and August 1967. The incidents took place first in their off-base residence at Oceanview, Virginia, and continued after the family moved into Government quarters at Camp Allen, a housing

area located within the confines of the Naval Base, Norfolk, Virginia.

In O'Callahan v Parker, supra, the Supreme Court held that in order for a crime to be under military jurisdiction it must be "service connected"; that there must be some connection "between his [accused's] military duties and the crimes in question." O'Callahan v Parker, supra, 395 US, at page 273. Absent such connection and where the offense is cognizable in the civil courts which are open and functioning, an accused may not be denied his right to the benefits of indictment and trial by jury.

In the case at bar we conclude that the offense of sodomy committed at Oceanview, Virginia, was not "service connected" within the meaning of O'Callahan v Parker, supra. Cf. United States v Henderson, 18 USCMA 601, 40 CMR 313. That portion of the conviction must be disapproved and dismissed.

A different conclusion, however, is dictated with reference to the commission of the offense of sodomy at Camp Allen. Camp Allen is a Government housing area located within the confines of the Naval Base at Norfolk, Virginia. As such, the military are charged with maintaining the security of that area. This factor is sufficient to vest in the court-martial jurisdiction to try this portion of the offense. United States v Smith, 18 USCMA 609, 40 CMR 321; United States v Crapo, 18 USCMA 594, 40 CMR 306; United States v Paxiao, 18 USCMA 608, 40 CMR 320.

The findings of guilty of sodomy at Oceanview, Virginia, and the sentence are reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may reassess the sentence on the basis of the finding of guilty of sodomy at Norfolk, Virginia, or a rehearing on sentence may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review on the basis of my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.