UNITED STATES, Appellee

v

CURTIS C. ARMSTRONG, JR., Private First Class, U. S. Army, Appellant

19 USCMA 5, 41 CMR 5

▮▮▮

No. 22,081

October 3, 1969

▮▮▮

John O. Young, Esquire, Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Howard L. Kaplus, and Captain Karl J. Uebel were on the pleadings for Appellant, Accused.

Colonel David T. Bryant, Lieutenant Colonel David Rarick, Major R. Kevin McHugh, Major Edwin P. Wasinger, Captain David K. Fromme,

and *Captain Richard K. Bank* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial of unpremeditated murder and felony murder (two specifications), in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. We granted review on a number of issues raised by appellate defense counsel, among which was a contention that the court-martial lacked jurisdiction to try this accused in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

According to the evidence of record, George Robbins, a civilian employed at Billups Service Station, Midway, Texas, was found, by a customer, apparently injured and lying over a small wagon on the floor of the station, at approximately 3:30 a.m., November 13, 1965. An autopsy revealed that death was caused by three bullet wounds in the forehead from a .22 caliber weapon. Another customer testified that he had seen the accused at the station talking with the deceased at about 3:00 a.m., on the same date. When the station manager inventoried the station property, including the cash register, at about 4:00 a.m., he determined that $220.95 was missing. The accused was arrested by civilian police, Killeen, Texas, on the same morning for being absent without leave and returned to military control at Fort Hood, Texas, his duty station. On November 18, 1965, the accused was released to the civilian authorities and charged with murder. He was indicted by a local grand jury on December 2, 1965, and arraigned. On August 1, 1966, he was returned without trial, to Fort Hood and the above charges under the Code, including a charge of robbery of which he was found not guilty, were preferred.

The facts and circumstances surrounding the offenses in this case are sufficiently similar to those which pertained in United States v Prather, 18 USCMA 560, 40 CMR 472, to dictate the same result. Prather was found guilty by general court-martial of charges of wrongful appropriation of an automobile, robbing a gasoline station, and resisting arrest, in violation of specified articles of the Code. All of the charged offenses occurred in the State of Georgia. There, as here, the offenses were committed against civilians in the civilian community. As we said in *Prather*, citing O'Callahan v Parker, supra:

". . . Under the standard there set out, where the crimes involve civilians unconnected with the military, if the offenses are not committed on a military post, do not occur at 'an armed camp under military control, as are some of our far-flung outposts,' do not breach military security, flout military authority, or affect military property, and if civil courts are open, the offenses are not 'service connected,' and the military is without jurisdiction to try the crimes. *Id.*, at page 273. Tested by this standard, the crimes committed by Prather are not service-connected within the meaning of *O'Callahan*. We are, therefore, required to set aside the findings of guilty and sentence and order the charges dismissed, relegating the accused's case to such action as the State of Georgia may wish to take in light of his alleged transgressions. United States v Borys, 18 USCMA 547, 40 CMR 259." [United States v Prather, supra, at page 560.]

Since the court-martial in this case was without jurisdiction over the charged offenses, it is unnecessary to consider the other granted issues.

The decision of this Court dismissing the case for lack of jurisdiction in no way will interfere with the action that may be taken by the authorities of the State of Texas.

The decision of the board of review is reversed. The record of trial is re-

6

turned to the Judge Advocate General of the Army. The charge and its specifications are ordered dismissed.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

I would sustain the exercise of court-martial jurisdiction for the reasons set out in my dissent in United States v Borys, 18 USCMA 547, 40 CMR 259.