UNITED STATES, Appellee

v

ROBERT E. ALLEN, Stewardsman,
U. S. Navy, Appellant

19 USCMA 31, 41 CMR 31

No. 21,922

October 17, 1969

*Captain Frank A. Nelson,* JAGC, USN, and Commander *E. M. Fulton,*
JR., JAGC, USN, were on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, *Captain Lester G. Fant, III,* USMCR,
and *Lieutenant Matthew J. Wheeler,* JR., JAGC, USN, were on the plead-
ings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

The accused was convicted by general court-martial of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. We granted review to determine the validity of his conviction in light of the Supreme Court's decision in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

The facts of the case, related in the main by eyewitnesses, reflect that the accused and another seaman got into an argument while riding on a Virginia Transit Bus from the city of Norfolk, Virginia, to the Norfolk Naval Station. As the bus pulled away from a stop at Pier #20 (Destroyer and Submarine Piers) and neared Pier #22, the accused took a pistol from the pocket of his pea jacket and shot and killed the victim. The driver of the bus, observing two base police trucks at a nearby service station on the piers, drove the bus to

that location. Thereupon, the accused exited the bus, walked over to a member of the Special Police Force, Norfolk Naval Station, handed him the weapon and said, " 'Take this gun; I did it.' " The victim was taken to the Naval Station Dispensary where he was pronounced dead by the naval medical officer on duty.

The Supreme Court, in O'Callahan v Parker, supra, 395 US, at page 272, declared that in order for a "crime to be under military jurisdiction [it] must be *service connected,* lest 'cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger,' as used in the Fifth Amendment, be expanded to deprive every member of the armed services of the benefits of an indictment by a grand jury and a trial by a jury of his peers." (Emphasis supplied.) The question posed by this case is simply whether under the facts of this case the charged offense is sufficiently "service connected" to vest jurisdiction in the court-martial. We think that it is.

In *O'Callahan* the Supreme Court asserted that while status as a serviceman is necessary for ██ jurisdiction, "it does not follow that ascertainment of 'status' completes the inquiry, *regardless of the nature, time, and place of the offense."* (Emphasis supplied.) *Id.,* 395 US, at page 267. The facts and circumstances surrounding the offense and their impact on the government and discipline of the military state, must necessarily be considered in reaching a determination as to whether a particular crime is service-connected.

The Government in its brief contends that the offense took place "on the U. S. Naval Base, Norfolk, Virginia," and that the tranquility of a Naval Base depends, to some extent, on the certain knowledge that violent assaults will be redressed by the Navy; that the exigencies of military discipline compel military trial of a serviceman who, aboard a military base, kills another serviceman who is also on the base; and that the impact of the accused's crime on military discipline is obvious.

According to a map, stipulated by appellate defense and Government counsel, the offense occurred ██ on the Destroyer and Submarine Piers, located on the base at the United States Naval Station, Norfolk, Virginia. In view of the military interest in and responsibility for the activities of military personnel in those areas under its care and control, it is apparent that a crime committed on base, by a serviceman, is one "committed under such circumstances as to have directly offended against the government and discipline of the military state." Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 723–724. (See footnote 19, O'Callahan v Parker, supra.) Cf. United States v Shockley, 18 USCMA 610, 40 CMR 322; United States v Smith, 18 USCMA 609, 40 CMR 321; United States v Crapo, 18 USCMA 594, 40 CMR 306; United States v Paxiao, 18 USCMA 608, 40 CMR 320. Since it is the military duty of a serviceman to obey the laws of the military community when he is physically located within the confines of that community, the "service connection" of the offense charged in this case is apparent. *O'Callahan,* supra. We hold, therefore, that the court-martial had jurisdiction to try this case.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge DARDEN concur.