UNITED STATES, Appellee

v

GEORGE FIELDS, JR., Sergeant First Class,
U. S. Army, Appellant

19 USCMA 119, 41 CMR 119

No. 22,021

December 12, 1969

Everett E. Ricks, Jr., Esquire, Colonel Daniel T. Ghent, Colonel Martin S. Drucker, and Captain Thomas R. Maher were on the pleadings for Appellant, Accused.

Colonel David T. Bryant, Major Edwin P. Wasinger, Major R. Kevin McHugh, and Captain Salvatore A. Romano were on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

Culminating a period of marital conflict, the accused shot and killed his wife. The homicide was committed in a parking lot near their residence within the geographical limits of Schofield Barracks, Hawaii. In due course, the accused was convicted by a general court-martial convened at Schofield Barracks of wrongful appropriation of a pistol and the premeditated murder of his wife, in violation of Articles 121 and 118, Uniform Code of Military Justice, 10 USC §§ 921 and 918, respectively.

On this appeal, the accused contends that in light of the constitutional limitation on court-martial jurisdiction defined by the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969), he was not subject to trial by court-martial for murder in violation of the Uniform Code because his act also constituted a violation of the Federal civilian penal code and the criminal law of the State of Hawaii, which purportedly has "concurrent jurisdiction over military installations in Hawaii."

In United States v Crapo, 18 USCMA 594, 40 CMR 306, we held that an act in violation of the Uniform Code which is committed on a military installation has "military significance" of the kind recognized in the O'Callahan case as supportive of the exercise of court-martial jurisdiction. See also

**119**

United States v Smith, 18 USCMA 609, 40 CMR 321. In United States v Allen, 19 USCMA 31, 41 CMR 31, we determined that the right of a state to prosecute a serviceman for murder in violation of state law because it has concurrent jurisdiction with the military over the place where the act was committed does not eliminate the "military significance" of the homicide and deny the military the right to prosecute it as a violation of the Uniform Code. Similarly, the fact that an act having military significance may also constitute a violation of a Federal penal statute, for which the accused may be triable in a Federal district court, does not preclude the exercise of court-martial jurisdiction for a violation of an article of the Uniform Code. United States v Harris, 18 USCMA 596, 40 CMR 308. We conclude, therefore, that the court-martial had jurisdiction to try the accused for the homicide in issue.

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.