UNITED STATES, Appellee

v

RICHARD A. WILLS, Private, U. S. Marine Corps, Appellant

20 USCMA 8, 42 CMR 200

No. 22,834

August 7, 1970

*Captain Paul A. Reichs,* USMCR, argued the cause for Appellant, Accused. With him on the brief was *Captain Jeffery W. Maurer,* USMC.

*Lieutenant Thomas J. Donegan, Jr.,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

FERGUSON, Judge:

Among the several offenses of which the accused was convicted was one specification alleging the interstate transportation of a motor vehicle, knowing the motor vehicle to have been

9

stolen (specification 2, Charge VII), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Appellate defense counsel contend that the court-martial did not have jurisdiction over this offense as it was not service-connected within the meaning of O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969).

We agree. United States v Borys, 18 USCMA 547, 40 CMR 259 (1969). The automobile described in the specification, the property of a fellow serviceman, was stolen from a parking area on the Marine Corps Base, Twentynine Palms, California, and the accused was properly convicted by court-martial for this offense. United States v Paxiao, 18 USCMA 608, 40 CMR 320 (1969); United States v Crapo, 18 USCMA 594, 40 CMR 306 (1969); United States v Allen, 19 USCMA 31, 41 CMR 31 (1969); United States v Smith, 18 USCMA 609, 40 CMR 321 (1969). The subsequent transportation of the vehicle from Twentynine Palms, California, to Yucca, Arizona, however, was in no way militarily connected and, for this reason, was outside the jurisdiction of the court-martial. O'Callahan v Parker and United States v Borys, both supra. See also United States v Armes, 19 USCMA 15, 41 CMR 15 (1969); United States v Armstrong, 19 USCMA 5, 41 CMR 5 (1969); United States v Chandler, 18 USCMA 593, 40 CMR 305 (1969).

The fact that a stolen car was driven from the base at Twentynine Palms does not provide a service-connection as the alleged offense also requires that the car be driven into another state. Not until the car left the State of California and entered the State of Arizona was the offense committed. The larceny and the interstate transportation are not all part of one offense, as was the assault and the robbery, which began on base and was completed off base, held to be service-connected in United States v Crapo, supra. The larceny of the car and the subsequent interstate transportation are two separately chargeable and punishable offenses. One does not depend upon the other, for the latter offense only requires *knowledge* that the vehicle had been stolen in order to convict. The interstate transporter of the automobile need not have been also the thief or even connected with the larceny.

Nor is it significant that a subsequent offense was committed off base by the same accused and involved the same subject matter as that of the on-base offense. United States v Shockley, 18 USCMA 610, 40 CMR 322 (1969); United States v Williams, 18 USCMA 605, 40 CMR 317 (1969). Cf. United States v Henderson, 18 USCMA 601, 40 CMR 313 (1969).

Although specification 2, Charge VII, was tried simply as a violation of Article 134, Code, supra, it is, in actuality, proscribed by Title 18, United States Code, section 2312. Failure to cite the Federal statute in the specification does not change the nature of the offense. United States v Hogsett, 8 USCMA 681, 25 CMR 185 (1958). Being a violation of a Federal statute it is chargeable in the district courts of the United States and should have been tried there. O'Callahan v Parker, supra.

Our decision in this case is in accord with our holdings in United States v Beeker, 18 USCMA 563, 40 CMR 275 (1969), and United States v Pieragowski, 19 USCMA 508, 42 CMR 110 (1970), that the smuggling of marihuana into the United States in violation of Title 21, United States Code, section 176(a), was not service-connected in the absence of circumstances "to relate . . . [the offense] specially to the military." United States v Beeker, supra, at page 565. As in *Beeker* and *Pieragowski*, we found no such circumstances in this case.

To the extent that our holding in United States v Swisher, petition for grant of review originally denied September 30, 1959, 10 USCMA 699, petition for writ of habeas corpus denied October 23, 1969 (Miscellane-

10

ous Docket No. 69–56), 19 USCMA —, is to the contrary, it is hereby overruled.

That portion of the decision of the United States Navy Court of Military Review, affirming the accused's conviction of specification 2, Charge VII, is reversed. The remainder is affirmed. The record of trial is returned to the Judge Advocate General of the Navy for reassessment of sentence by the Court of Military Review on the basis of the remaining findings of guilty.

Chief Judge QUINN and Judge DARDEN concur.