UNITED STATES, Appellee

v

PETER J. BONAVITA, Second Lieutenant,
U. S. Marine Corps, Appellant

21 USCMA 407, 45 CMR 181

No. 24,537

May 19, 1972

*Wilfred T. Friedman, Esquire,* and *Lieutenant David M. Shaw,* JAGC,
USNR, argued the cause for Appellant, Accused. With them on the brief
was *Captain Michael J. Levin,* USMCR.

*Lieutenant James R. Lamb,* JAGC, USNR, argued the cause for Appellee,
United States. With him on the brief was *Commander Michael F. Fasa-
naro, Jr.,* JAGC, USN.

## Opinion of the Court

QUINN, Judge:

Investigation of certain auto thefts in the District of Columbia metropolitan area led to a charge against the accused of unlawful concealment at the Marine Corps Base, Quantico, Virginia, of a stolen 1968 Jaguar belonging to a Maryland resident, in violation of Article 133, Uniform Code of Military Justice, 10 USC § 933. The accused was convicted as charged and sentenced to dismissal and forfeiture of all pay and allowances.

As the car was stolen from a civilian outside a military installation, appellate defense counsel contend that the offense is not triable by court-martial. The argument is to the effect that the offense is not "service connected" so as to be within the perimeter of constitutional jurisdiction for military courts delineated by the Supreme Court of the United States in O'Callahan v Parker, 395 US 258, 23 L Ed 2d 291, 89 S Ct 1683 (1969). The difficulty with this argument is that it focuses exclusively on the place of the theft and disregards the place of the conduct of the accused. See 45 Am Jur, Receiving Stolen Property, section 6, pages 388–389. The act charged against the accused is that he concealed the stolen car, and the place of concealment is within the geographic limits of a military facility. Conduct by military personnel within a military installation which is violative of the Uniform Code is "service connected" misconduct and properly

**407**

prosecutable by court-martial. United States v Allen, 19 USCMA 31, 41 CMR 31 (1969); United States v Crapo, 18 USCMA 594, 40 CMR 306 (1969).

Two separate problems are present in determination of whether concealment of stolen property is a military offense. The first problem is whether, as the accused contends, only those acts of wrongfully withholding property belonging to another defined by Article 121 are punishable as violations of the Uniform Code. The contention falls within what has been described as the doctrine of preemption. See United States v Norris, 2 USCMA 236, 8 CMR 36 (1953); United States v Martinson, 21 USCMA 109, 44 CMR 163 (1971). This doctrine postulates that conduct prohibited by a particular Article of the Uniform Code may not, in whole or in part, be charged as conduct in violation of one of the general articles, that is Articles 133 and 134. See United States v Harvey, 19 USCMA 539, 542, 42 CMR 141 (1970).

The preemption doctrine is operative only where Congress intends to limit specific misconduct to a specific statute. In United States v McFarland, 8 USCMA 42, 23 CMR 266 (1957), we observed that Article 121 was intended by Congress to eliminate certain "subtle distinctions" between larceny, embezzlement, and false pretenses, but the Article did not eliminate other previously recognized offenses involving the withholding of property from the true owner. We determined that Article 121 did not preempt the offense of receiving stolen property, which was well-recognized in both civil and military law as a distinct wrong. With buying and receiving, concealment of stolen property forms a triad of control made punishable separately from larceny in most American jurisdictions. See 45 Am Jur, Receiving Stolen Property, section 2, page 384. We conclude, therefore, that concealing stolen property, if it is otherwise a cognizable military offense, was not intended by Congress to be preempted by acts it proscribed in Article 121.

In United States v Banworth, 24 CMR 795 (AFBR 1957), the board of review (now Court of Military Review) considered whether concealment of stolen property is a cognizable military offense. Since we can add little to the board's reasoning, we predicate our agreement with its conclusion that the misconduct is a violation of the Uniform Code upon the following excerpts from its opinion:

"The first indication in military jurisprudence that the act of concealing stolen property was considered a distinct offense appeared in the 1951 Manual for Courts-Martial in a suggested form of specification under the general heading 'Stolen property, knowingly received' (MCM, 1951, App 6c, Model Spec Form 169). In checking the supporting memorandum of the Manual the following was found:

'The receiving stolen property specification has been reworded for the purpose of omitting excess verbiage and for the purpose of conforming with 18 USC 662.' (Layout of MCM, 1951, Tab 3.)

Obviously, the framers of the Manual recognized the several acts set out as offenses in the referred-to section of the United States Code as originally being a part of the offense of receiving stolen property. However, for the purpose, as indicated, of conformance to the Federal act, it was separated into distinct offenses.

.    .    .    .    .

"Fundamentally, the Board is of the opinion that, having determined that the act of concealing stolen property is closely related to the offense of receiving stolen property, and also because concealing stolen property has existed and been recognized by civil criminal statutes for many years as a separate offense, the logic of the court in United States v McFarland would be particularly applicable. Upon that basis, the Board is of the opinion that concealing stolen property is a separate substantive offense pun-

ishable under Article 134, Uniform Code of Military Justice." [United States v Banworth, supra, pages 798–799; see also Winthrop's Military Law and Precedents, 2d edition, 1920 Reprint, page 718, footnote 55.]

Lastly, the accused contends that an auto identification decal was improperly admitted in evidence against him. The evidence was obtained in a search of the accused's quarters, which had been authorized by the Commanding General of the base. We need not explore the correctness, or the limits, of the trial judge's ruling excluding some of the evidence obtained in the search but admitting the decal. The other evidence of guilt is so compelling that we are convinced there is no reasonable possibility that the decal influenced the court members in their verdict. Chapman v State of California, 386 US 18, 17 L Ed 2d 705, 87 S Ct 824 (1967); United States v Simpson, 15 USCMA 18, 22, 34 CMR 464 (1964).

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge DARDEN and Judge DUNCAN concur.