UNITED STATES, Appellee,

v.

Kelly S. TUCKER, Airman First Class, U.S. Air Force, Appellant.

No. 31,116.

U. S. Court of Military Appeals.

Sept. 3, 1976.

*Major Byron D. Baur* argued the cause for Appellant, Accused. With him on the brief was *Colonel Jerry E. Conner.*

*Captain Alvin E. Schlechter* argued the cause for Appellee, United States. With him on the brief was *Colonel Julius C. Ullerich, Jr.*

## OPINION OF THE COURT

PER CURIAM:

Pursuant to a grant of immunity, Sergeant Gregory Seals implicated the accused and another airman in a series of on-base larcenies and burglaries from fellow airmen. Some of the stolen equipment later was recovered during a search of the accused's off-base apartment in Anchorage, Alaska, conducted by the FBI pursuant to a search warrant issued by a civilian magistrate.

During Airman Tucker's subsequent trial by general court-martial, he was acquitted of all the larceny and burglary offenses which hinged primarily upon the testimony of Sergeant Seals. He was convicted, however, of two charges of unlawful concealment of stolen property. The conviction appears to be based in part upon the accused's own trial and pretrial statements in addition to certain circumstantial evidence. At trial, Airman Tucker acknowledged agreeing to "store" a television set and two speakers for his "acquaintance," Sergeant Seals, at his off-base apartment. But he suggested that later, during the same conversation, he offered to purchase the equipment for $300 in cash. This contrasted with the statement Airman Tucker gave to the FBI following the search of his apartment in which he explained the presence of the stolen items noting that a man named Bill had sold him the television for $200 and had "thrown in" the speakers.

As he did at trial, the appellant contends that the concealing stolen property offenses were not service connected and hence that the court-martial which convicted him was without jurisdiction to proceed. *See Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The defense concedes that under the rationale of our decision in *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974), both the trial judge and the Court of Military Review were obligated to find jurisdiction over these offenses since the concealed property belonged to a military "victim." Appellant also acknowledges that, under *Sexton* and several prior decisions of this Court,[1] actual knowledge of the military status of the victim is unnecessary to vest a court-martial with jurisdiction over the offenses.

■ Such a reading of *Sexton* is, we believe, overly simplistic for, as this Court made clear there, substantial on-post activity precipitated the subsequent off-post transfer of marihuana. Both the agreement for sale of the marihuana and the transfer of the purchase price to Sexton took place on a military installation. Only the physical transfer of the marihuana from Sexton to the undercover agent occurred off post. *Compare United States v. Crapo*, 18 U.S.C.M.A. 594, 40 C.M.R. 306 (1969), *with United States v. Black*, 1 M.J. 340 (1976). Thus, *Sexton* does not stand for the broad propositions suggested. Nor should it in light of the jurisdictional criteria enunciated by the Supreme Court in *Relford*. That decision made clear that, in resolving questions of military jurisdiction, the situs of the offense is far more significant than the status of the accused or the victim. *See United States v. Wills*, 20 U.S.C.M.A. 8, 42 C.M.R. 200 (1970). This is particularly true where, as here, a servicemember is only indirectly "victimized" by the defendant. We previously have stressed that, in resolving military jurisdiction over concealing stolen property offenses, the place of concealment is of utmost significance since concealment

---

1. *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973); *United States v. Rose*, 19 U.S.C.M.A. 31, 41 C.M.R. 3 (1969); *United States v.* *Castro*, 18 U.S.C.M.A. 598, 40 C.M.R. 310 (1969); *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969).

is the gravamen of the offense. *United States v. Bonavita,* 21 U.S.C.M.A. 407, 45 C.M.R. 181 (1972).

 The jury's findings make clear that the government failed to establish that the accused had any on-base dealings with Sergeant Seals before the actual sale of the merchandise to Airman Tucker at his off-base residence while both individuals were off duty. Nor is there any evidence that the accused knew that the owners of the property were fellow servicemen. Screening the 12 criteria of *Relford* for resolving military jurisdiction, not a single factor weighs in favor of trial by court-martial. The paucity of evidence offered by the government on the jurisdictional question prompts us to again stress to the trial judiciary that jurisdiction is a matter to be proven, not presumed. The appropriate forum for such proof is at the trial level.[2]

The decision of the U.S. Air Force Court of Military Review is reversed. The findings and sentence are set aside, and the charges are ordered dismissed.

COOK, Judge (dissenting):

I would sustain the exercise of military jurisdiction on the ground that the victim of the accused's concealment of the stolen property was another serviceman and his property had been stolen from his quarters on base. *See United States v. Moore,* 1 M.J. 448 (1976) (Cook, Judge, concurring). As to the question of the witness' immunity, the record indicates that he knew and understood he was to testify only to the truth as he knew it to be, not according to the text of a predetermined statement of his testimony, regardless of whether the representations of fact in it were true or false. Thus, the nature of the witness' agreement for immunity is entirely different from that condemned in *United States v. Gilliam* (1974), 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974), and comfortably within

that which we upheld in *United States v. Garcia,* 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975). I would, therefore, affirm the decision of the United States Air Force Court of Military Review.

---

2. Our resolution of the first granted issue makes it unnecessary to address the second which challenged the conditions under which Sergeant Seals was granted immunity from

prosecution. *See United States v. Gilliam,* 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974); *United States v. Conway,* 20 U.S.C.M.A. 99, 42 C.M.R. 291 (1970).