## UNITED STATES

v.

**Sergeant Michael A. STRANGSTALIEN, FR 396–60–2797 Headquarters, 6970th Air Base Group Headquarters Command, USAF.**

**ACM 22089.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 20 May 1976.

Decided 10 Dec. 1976.

Appellate Counsel for the Accused: Ms. Linda J. Ravdin, Washington, D. C. 20009; Colonel Jerry E. Conner, Colonel Robert W. Norris and Captain Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain William T. Snyder.

Before BUEHLER, HERMAN and OR-SER, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a general court-martial consisting of a military judge, the accused stands convicted, contrary to his pleas, of two specifications of selling lysergic acid diethylamide (LSD) and two specifications of selling marihuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence provides for a bad conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year and three months and reduction to the grade of airman basic.

Although trial and appellate defense counsel have assigned and orally argued

---

several alleged errors, only one merits discussion in this decision. All the others are either without merit or were considered by the staff judge advocate in his post-trial review and properly resolved adversely to the accused.

In the lone complaint of error we address, counsel contend the Air Force lacked jurisdiction to try the accused for two of the four offenses on the basis that they were not service-connected as that phrase was explained by the United States Supreme Court in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). For reasons that follow, we disagree.

Recently, in *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976), the United States Court of Military Appeals sustained the exercise of jurisdiction by an Army military court over an offense of wrongful transfer of three pounds of marihuana. The transfer by the accused was to a fellow soldier and took place "just outside" the post entrance. In its decision, the Court emphasized that resolution of service connection issues requires that the particular circumstances be subjected to a thorough analysis in terms of the oft-cited 12 criteria enumerated by the Supreme Court in *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). *United States v. Hedlund,* 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976). To further stress the point, the Court stated that the mere fact the recipient of the contraband is a soldier is insufficient, in and of itself, to establish service-connection. *United States v. McCarthy, United States v. Hedlund,* both supra; *United States v. Moore,* 24 U.S.C.M.A. 293, 52 C.M.R. 4, 1 M.J. 448 (1976). To sustain the exercise of jurisdiction, the Court continued, requires a finding that "the military interest in deterring the offense is distinct from and greater than that of civilian society, and . . . [that] the distinct military interest . . [cannot] be vindicated adequately in civilian courts." *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975).

The offenses for present analysis are off-base sales of LSD and marihuana to an undercover agent of the Air Force Office of Special Investigations (OSI). The record provides no indication that the accused was aware of the agent's military status. During their association, the Government man wore civilian clothing and posed as a drug dealer.

The initial transaction between the two, and the first we here examine, was a sale of LSD. As conceded by the defense, the criminal intent for the offense, that is, the agreement to sell, was formulated on the military installation. Only the actual transfer of the drug and the payment of the purchase price took place off-base. The initial arrangements for the sale were made between the OSI agent and a friend of the accused, an Air Force sergeant, in a barracks building on the base. The agent was approached by the sergeant after the former had spread the word he was interested in buying drugs. The sergeant informed him he had a friend, the accused, who had drugs for sale. The two then negotiated the details of a prospective purchase after which the sergeant introduced the agent to the accused in the day room of the barracks.

The accused initially informed the agent the drug was in his van outside the barracks. However, as they approached the vehicle, the accused stated that the drug was actually located at a friend's off-base residence. The accused, the agent, and a friend of the agent, then drove to that address, and the drug transaction was completed. The accused handed over nine "hits" of LSD (advertised by the accused as mescaline) for which he received the sum of $22.00.

For the reasons stated in our recent decisions of *United States v. Murphy,* 2 M.J. 704 (f. rev.) (A.F.C.M.R. 10 November 1976), and *United States v. Gash,* 2 M.J. 707 (f. rev.) (A.F.C.M.R.1976), the foregoing circumstances demonstrate sufficient service-connection to sustain the exercise of military jurisdiction to the offense. See also *United States v. Artis,* 2 M.J. 692 (f. rev.) (A.F.C.M.R. 22 October 1976); *United*

*States v. Smith* (f. rev.), 2 M.J. 1235 (A.F.C.M.R.1976). Here, as in *United States v. McCarthy*, supra, the criminal intent was formulated on the military installation. Cf. *United States v. Crapo*, 18 U.S.C.M.A. 594, 40 C.M.R. 306 (1969). In addition, the sale of a highly dangerous hallucinogenic drug to a professed drug dealer, though he was concededly not known to be a serviceman, posed a definite potential threat to military personnel, and thus the military community itself. *United States v. McCarthy*, supra.

In terms of the *Relford* criteria, we are satisfied that the foregoing factors weigh sufficiently in favor of the exercise of military jurisdiction. The criminal venture was developed in an airmen barracks on the installation and involved the accused, another serviceman and the OSI agent "dealer." Seen through the eyes of the accused, there was a reasonable possibility the "dealer's" clientele would be military personnel on the installation. We readily conclude that the military community had the overriding, if not the sole, interest in prosecuting the LSD sale.

The other offense challenged by the defense, a marihuana sale, occurred over a month later. In the interim period, the other two charged offenses occurred. Those transactions, separate sales of LSD and marihuana by the accused to the undercover OSI agent, occurred on the military installation, and for that reason are not included in the defense challenge to jurisdiction. With respect to the final sale of marihuana, the record shows that the undercover OSI agent, apparently on the basis of earlier arrangements between him and the accused, took delivery of a quantity of marihuana from a third party at the latter's off-base residence. The third party informed the OSI agent that the accused had left the drug for either himself or the agent.

Thereafter, the agent proceeded to the accused's off-base residence and informed him that there was too little marihuana for the price he was asking. The accused took the drug from him and told him that if he was dissatisfied he (the accused) could sell it in the barracks for a higher price. The dispute was eventually settled to their mutual satisfaction. The accused sold the agent a larger quantity of marihuana at a reduced rate per ounce.

The record does not disclose the specific geographical location of the parties at the time they bargained for the marihuana. As observed, however, this sale was the fourth successive transaction between the accused and the OSI agent buyer. The initial sale, the LSD transaction previously examined, was conceived on the installation. The two transactions that followed, further sales of LSD and marihuana, occurred wholly on-base. In perspective, the final marihuana sale, though consummated off-base, was a related link in a chain of illicit drug events, all of which contemplated a military consuming public. In the somewhat similar circumstances we encountered in *United States v. Gash*, supra, we were of the view that the sales were consummated in the civilian community as an accommodation to the accused. The same is indicated here. Of additional pertinence is the accused's comment during the negotiations that if the agent declined his offer he could sell the marihuana himself on the installation. Such statement evidences, at least, a conditional threat to the military community.

Consideration of these factors in light of the *Relford* criteria leads us to conclude that the military community had the overriding interest in prosecuting the marihuana offense together with the LSD charge, and, of course, the two intervening drug offenses as to which service connection is not in dispute. *United States v. McCarthy*, *United States v. Gash*, both supra; see also *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Judge, concurs.

BUEHLER, Senior Judge, absent.