### UNITED STATES

v.

**Michael C. WAGNER, Lance Corporal (E–3), U.S. Marine Corps.**

NMCM 98 00342.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 11 Aug. 1997.

Decided 15 Dec. 1999.

LT Dale O. Harris, JAGC, USNR, Appellate Defense Counsel.

Maj Michael D. Tencate, USMC, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON and ROLPH, Appellate Military Judges.

ANDERSON, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of wrongfully appropriating a credit card, housebreaking, seven specifications of obtaining Internet services under false pretenses, wrongfully receiving child pornography, and wrongfully possessing child pornography in violation of Articles 121, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930, and 934 (1994). The appellant was sentenced to confinement for 90 days, forfeiture of $500 pay per month for three months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

After carefully considering the record of trial, the appellant's two assignments of error, the Government's response, supplemental pleadings, and oral argument, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Arts. 59(a) and 66(c), UCMJ.

### Facts

The appellant unlawfully entered a fellow Marine's barracks room, took a credit card from the Marine's wallet, copied the number, and later used it to pay for access to pornographic images located on a variety of Inter-

net websites. From the Internet websites, he received and downloaded visual depictions of minors involved in sexually explicit conduct. He stored some of the downloaded pornographic images on computer disks and printed out some of the images.

## Preemption

In his first assignment of error, the appellant contends that his conviction for the possession of child pornography under Article 134, UCMJ, as an offense prejudicial to good order and discipline and/or as service discrediting conduct was preempted by federal law. We disagree.

■ Article 134, UCMJ, creates three different types of crimes, commonly referred to as clause 1, 2, and 3 offenses:

Clause 1 offenses involve disorders and neglects to the prejudice of good order and discipline in the armed forces. Clause 2 offenses involve conduct of a nature to bring discredit upon the armed forces. Clause 3 offenses involve non-capital crimes or offenses which violate Federal law including law made applicable through the Federal Assimilative Crimes Act....

MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 60c(1). The use of Article 134, UCMJ, however, is limited by the preemption doctrine: "If any conduct [charged under Article 134, UCMJ] is specifically made punishable by another article of the code, it must be charged as a violation of that article." *Id.* This doctrine "prohibits [the] application of Article 134 to conduct covered by Articles 80 through 132." *Id.* at ¶ 60c(5)(a).

The appellant pleaded guilty to possession of child pornography in violation of Article 134, UCMJ, charged under clauses 1 and 2. That specification alleged that the appellant did:

wrongfully and unlawfully possess computer floppy disks and computer generated photographs, which contained visual depictions, when the producing of said visual depictions involved the use of minors engaged in sexually explicit conduct, and the visual depictions were of such conduct, which conduct by the [appellant] was to the prejudice of good order and discipline

in the armed forces and/or of a nature to bring discredit upon the Armed Forces.

Charge Sheet, Charge IV, Specification 11.

A parallel specification was also charged under clause 3. That specification alleged that the appellant did:

violate section 2252(a)(4)(A) of Title 18, United States Code, as follows: within a building owned by, leased to, or otherwise used by or under the control of the Government of the United States, by possessing 3 or more computer floppy disks and computer generated photographs, which contained visual depictions, when the producing of said visual depictions involved the use of minors engaged in sexually explicit conduct, and the visual depictions were of such conduct.

Charge Sheet, Charge IV, Specification 10. The appellant pled not guilty to this specification, and it was ultimately withdrawn by the Government and dismissed by the military judge.

The key difference between the two specifications was in the number of child pornographic matters alleged to have been possessed. The clause 3 specification alleged the possession of three or more items, while the clause 1/clause 2 specification did not allege a specific number of matters possessed. To be convicted of violating the federal statute, 18 U.S.C. § 2252(a)(4)(A), under clause 3, the appellant would have had to admit to possession of three or more items. The statute prohibited the following conduct:

Any person who ... on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States ... knowingly possesses three or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction, ... if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct.

18 U.S.C. § 2252(a)(4)(A) (1994), *amended by* Pub.L. No. 105–314, § 203(a)(1), 112 Stat. 2974, 2978 (1998).[1]

The appellant asks us to set aside his conviction under clauses 1 and 2 of Article 134, UCMJ, and his argument is two-fold. First, he argues that the providence inquiry failed to establish that he possessed three or more items of child pornography, thus rendering any guilty plea to a prosecution under the clause 3 specification improvident. Second, he argues that by enacting 18 U.S.C. § 2252(a)(4)(A), Congress preempted the military from creating a new offense under clauses 1 and 2 that criminalized the possession of less than three items. On both a factual and a legal basis, we decline to set aside the conviction.

■ "In determining the providence of [an] appellant's pleas, it is uncontroverted that an appellate court must consider the entire record in a case." *United States v. Johnson*, 42 M.J. 443, 445 (1995). In this case, the appellant admitted during the providence inquiry to possessing at least one computer disk containing downloaded images of child pornography and two computer-generated photographs of child pornography. Record at 55–56; Prosecution Exhibit 1 at 3–5. During the appellant's sworn testimony on sentencing, he also admitted that he possessed more than one computer disk containing images of child pornography, an admission consistent with a stipulation of fact that referred to his possession of "computer disks" containing images of child pornography. Record at 74; Prosecution Exhibit 1 at 3. Although these disks contained "between 20 and 50" images of child pornography, each disk can only be considered a single matter under the federal statute. *United States v. Falk*, 50 M.J. 385, 392 (1999); *see* Record at 74. Based on the appellant's admissions before the court that he possessed either one disk and two photographs of child pornography or two disks and two photographs, we conclude that his guilty plea would have been provident to a guilty plea to a violation of 18 U.S.C. § 2252(a)(4)(A) charged under clause 3.[2]

■ Even if the appellant had possessed less than three matters of child pornography, his preemption argument is legally unsound. "We are of the opinion that crimes and offenses not capital, as defined by Federal statutes, may be properly tried as offenses under clause (3) of Article 134, but that if the facts do not prove every element of the crime set out in the criminal statutes, yet meet the requirements of clause (1) or (2), they may be alleged, prosecuted and established under one of those." *United States v. Long*, 2 C.M.A. 60, 65, 6 C.M.R. 60, 65 (1952). *See generally United States v. Athey*, 34 M.J. 44, 47 (C.M.A.1992); *United States v. Williams*, 29 M.J. 41 (C.M.A.1989); *United States v. Jones*, 20 M.J. 38, 40 (C.M.A.1985). In this case, the appellant admitted that the acts complained of were disorders to the prejudice of good order and discipline in the armed forces, as well as service discrediting. "[T]he fact that they [may] not establish a civilian offense does not prevent prosecution by the military." *Long*, 2 C.M.A. at 65, 6 C.M.R. at 65. "[A] facial similarity between a military offense and a Federal crime does not mean that the offense must be brought under the third clause of Article 134." *Williams*, 29 M.J. at 42. *See Jones*, 20 M.J. at 40.

■ The preemption doctrine is generally limited to those offenses prescribed by Article 80, UCMJ, through Article 132, UCMJ, and it serves to prevent a prosecutor from circumventing an essential element of an offense under the Code. MCM, Part IV, ¶ 60c(5)(a); *United States v. Robbins*, 52 M.J. 159, 160–61 (1999); *United States v. McGuinness*, 35 M.J. 149, 151 (C.M.A.1992); *United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979); *United States v. Norris*, 2 C.M.A. 236, 239, 8 C.M.R. 36, 39 (1953). The doctrine may also be applied to a federal criminal

---

1. The 1998 amendment to the statute replaced the words "3 or more" with "1 or more."

2. The appellant's guilty plea could have been provident to a violation of 18 U.S.C. § 2252A(a)(5)(A) under clause 3, the possession of a computer disk containing more than 3 images of child pornography. 18 U.S.C.A. § 2252A(a)(5)(A) (West Supp.1997), *amended by* Pub.L. No. 105–314, Title II, § 203(b)(1), 112 Stat. 2974, 2978 (1998). This statute, however, was not referenced in the charge sheet or during trial.

statute if that statute, through its language or legislative history, specifically limits prosecution within a particular field or area to that statute. *See United States v. Arriaga,* 49 M.J. 9, 12–13 (1998); *McGuinness,* 35 M.J. at 151–52; *United States v. Cartwright,* 13 M.J. 174, 176–77 (C.M.A.1982); *United States v. Wright,* 5 M.J. 106, 110–111 (C.M.A. 1978); *United States v. Bonavita,* 21 C.M.A. 407, 408, 45 C.M.R. 181, 182 (1972); *United States v. Smith,* 21 C.M.A. 264, 267, 45 C.M.R. 38, 41 (1972); *United States v. Maze,* 21 C.M.A. 260, 262, 45 C.M.R. 34, 36 (1972). In this case, the general article was not employed to circumvent a "vital element" of any offense under the Code, and the appellant was not charged with the "residuum" of another punitive article. *Norris,* 2 C.M.A. at 239, 8 C.M.R. at 39 (1953); *Wright,* 5 M.J. at 111. In addition, neither the language nor the legislative history of 18 U.S.C. § 2252(a)(4)(A) indicates any Congressional intent to completely "occup[y] the field." *Kick,* 7 M.J. at 85. *See* Protection of Children From Sexual Predators Act of 1998, H.R.Rep. No. 105–557 (1998), *reprinted in* 1999 U.S.C.C.A.N. 684; Crime Control Act of 1990, H.R.Rep. No. 101–681(I), *reprinted in* 1990 U.S.C.C.A.N. 6472; Protection of Children Against Sexual Exploitation Act of 1977, S.Rep. No. 95–438 (1977), *reprinted in* 1978 U.S.C.C.A.N. 40. Accordingly, we find the preemption doctrine to be inapplicable.

Finally, we note that the military judge considered the possession of child pornography to be multiplicious for sentencing with the receipt of child pornography. Consequently, even if the possession charge had been preempted, we would find no error materially prejudicial to the substantial rights of the appellant. Art. 59(a), UCMJ.

### Sentence Appropriateness

In his second assignment of error, the appellant contends that his sentence including an unsuspended bad-conduct discharge was inappropriately severe. We disagree. The appellant's offenses were serious and deserving of a severe punishment. Having carefully reviewed the entire record, we find that the sentence is appropriate in all respects for these offenses and this offender. *United States v. Healy,* 26 M.J. 394 (C.M.A. 1988); *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982).

### Conclusion

Accordingly, we affirm the findings and the sentence, as approved on review below.

Senior Judge LEO and Judge ROLPH concur.