UNITED STATES

v.

Staff Sergeant Robert P. EGGLESTON, 353–30–1823, U. S. Army, Headquarters and Headquarters Company, 1st Battalion, 501st Infantry, 101st Airborne Division (Air Assault), Fort Campbell, Kentucky 42223.

CM 433631.

U. S. Army Court of Military Review.

Sentence Adjudged 14 May 1975.

Decided 13 Dec. 1976.

Appellate Counsel for the Accused: CPT Nicholas P. Retson, JAGC; CPT Sammy S. Knight, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

### OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of two offenses of violating a regulation by wrongfully distributing LSD, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. We are reviewing the case pursuant to Article 66, U.C.M.J.

As the offenses are alleged to have occurred off the military reservation in the civilian community, we have held the case in abeyance awaiting the decision of the United States Court of Military Appeals in *United States v. McCarthy,* Docket No. 30,-560, 2 M.J. 26. That case having been decided on 24 September 1976, we may now proceed with our review of the case.

The buyer, who was a CID informant and who was also a member of the same company as the appellant, visited the appellant's off-post mobile home twice to make CID controlled buys. The buys took place during off-duty hours when both parties were authorized to be absent from the post.

As the issue of jurisdiction over the offense was not litigated below, we do not know how the informant buyer knew the appellant was a seller or whether these particular sales were initiated by on-post negotiations. We do know, however, that the two had had official dealings with each other in their military capacities—appellant was the supply sergeant of the company and the informant, a specialist four, was the company clerk.

In our opinion the military relationship between the buyer, a subordinate, and the seller, the superior noncommissioned officer, is that "unusual circumstance" which causes the "high degree of military interest and concern" necessary for service connection. *United States v. Hedlund,* 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976). When noncommissioned officers are willing to dispense drugs to their juniors in the same unit, with or without using the influence of their rank, the military concern is

heightened and civilian interest pales in comparison. We think service connection within the meaning of *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and *United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976), is therefore established.

The findings of guilty and the sentence are affirmed.

Judge FULTON concurs.

FELDER, Judge, dissenting:

There is no evidence in the record that the appellant used either his rank as staff sergeant or his position as supply sergeant to foster the distribution of contraband to a fellow soldier. The only factor supportive of service connection in this case is the military status of the participants and that alone is insufficient to sanction court-martial jurisdiction. *United States v. McCarthy,* 25 U.S.C.M.A. 30, 33, 54 C.M.R. 30, 33, 2 M.J. 26 (1976); *United States v. Hedlund,* 25 U.S.C.M.A. 1, 6, 54 C.M.R. 1, 6, 2 M.J. 11 (1976).

The offenses occurred in Christian County, Kentucky, and there is no evidence of on-base dealings between the parties. Although jurisdiction exists over off-post offenses where military interests far outweigh those of the civilian community (*United States v. Moore,* 24 U.S.C.M.A. 293, 52 C.M.R. 4, 1 M.J. 448 (1976)), the conclusion by the majority that military concern is paramount solely because the appellant's military status was higher than the informant's is contrary to law. In resolving the question of military jurisdiction over an offense, the situs of the offense is far more significant than the status of the parties involved. *United States v. Tucker,* 24 U.S.C.M.A. 311, 52 C.M.R. 22, 1 M.J. 463 (1976).

The jurisdictional issue was not litigated at the trial and there is insufficient evidence in the record to decide that question. Therefore, I would return the case for a limited rehearing to determine service connection. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).