## UNITED STATES

### v.

**Sergeant E–5 Gary S. WRIGHT, 585–50–3394, U. S. Army, 543d Military Police Company (SVC), U. S. Army Armor Center and Fort Knox, Fort Knox, Kentucky.**

### CM 435056.

U. S. Army Court of Military Review.

Sentence Adjudged 10 May 1976.

Decided 30 Dec. 1976.

Appellate Counsel for the Accused: CPT Harvey T. Oringher, JAGC; CAPT D. David Hostler, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Michael C. Kirk, JAGC; MAJ Michael B. Kennett, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

PER CURIAM:

The appellant was convicted by the members of a general court-martial of wrongfully possessing and selling four tablets of phencyclidine in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence requires review by this Court pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

■ The principal issue is one of jurisdiction; that is, whether there is sufficient service connection when, although the victim is a member of the armed forces, the drug offenses are committed off-duty and away from a military installation. *See United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976). Appellant is a noncommissioned officer and military policeman. One of the two joint purchasers of his drugs, and the one to whom he handed them, was known by him to be a private in the same military police company. As we recently held in a similar case, "when noncommissioned officers are willing to dispense drugs to their juniors in the same unit, with or without using the influence of their rank, the military concern is heightened and civilian interest pales in comparison. We think service connection . . . is therefore established." *United States v. Eggleston*, 2 M.J. 1066 (A.C.M.R. 13 Dec. 1976).

■ Counsel also have pointed out that the record service provisions of Article 54(c), UCMJ, 10 U.S.C. § 854(c), were not strictly complied with. Indeed, we are even unable to determine that the spirit of that article was complied with in the manner suggested in *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 274, 51 C.M.R. 723, 726, 1

M.J. 429 (1976), because, while there is unrebutted evidence that trial defense counsel was served with the record of trial, there is no evidence as to when that was done. When served with a copy of the staff judge advocate's review and when preparing a separate petition of clemency, trial defense counsel had ample opportunity to indicate that there were errors in the record of trial or that he had not yet seen the record. No prejudice was alleged by him and none has been specified by appellate defense counsel. We, too, find none.

The approved findings of guilty and the sentence are affirmed.

FELDER, Judge, concurring:

I dissented in *United States v. Eggleston*, 2 M.J. 1066 (A.C.M.R. 13 December 1976), because there was no evidence in the record that the appellant used either his rank as staff sergeant or his position as a supply sergeant to foster the distribution of contraband to a fellow soldier. This case is factually different from *Eggleston* and does not compel the same result, when a thorough analysis is made of the *Relford*[1] jurisdictional criteria. *United States v. Moore*, 24 U.S.C.M.A. 293, 295, 52 C.M.R. 4, 6, 1 M.J. 448 (1976); *see United States v. McCarthy*, 25 U.S.C.M.A. 30, 33, 54 C.M.R. 30, 33, 2 M.J. 26, 29 (1976).

In my opinion, the off-post sale of illicit drugs to a subordinate military policeman by a noncommissioned officer, who was also entrusted with the responsibility of law enforcement, is distinctively embarrassing to the United States Army and constitutes the flouting of military authority.[2] This added feature, which was not present in *Eggleston*, coupled with the fact that the funds used for one of the purchases were obtained from soldiers located on post, are sufficient to establish service-connection. For these reasons, I agree with the decision of the majority.

1. *Relford v. Commandant*, 401 U.S. 355, 365, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

2. In *United States v. Johnson*, 2 M.J. 569, S11811 (A.C.M.R. 30 Dec. 1976) (dissenting opinion), I stated that the flouting of military authority connotes more than the mere violation of any provision of the Uniform Code of Military Justice or an Army regulation. It implies a course of criminal conduct that singularly insults or makes a mockery of the military. I believe the facts of the instant case fall squarely within the ambit of that definition.