UNITED STATES, Appellee,

v.

James B. WHATLEY, Sergeant, United States Army, Appellant.

No. 33,770.

CM 435286.

U. S. Court of Military Appeals.

May 8, 1978.

*Captain James Recasner* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel John R. Thornock, Major Benjamin A. Sims,* and *Captain Buren R. Shields III.*

*Major Michael B. Kennett* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr.,* and *Captain Dale L. Anderson.*

Opinion of the Court

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a general court-martial, consisting of a military judge alone, of larceny (five specifications) in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. We granted review to determine whether the court-martial lacked jurisdiction over the offense alleged in Specification 4 of the Charge.

The relevant facts are not in dispute. Appellant stole a tape player from a fellow serviceman. The providence inquiry reflects that the offense occurred in a trailer park located approximately 2 miles from Fort Polk, Louisiana. Sensing a possible jurisdictional issue, the military judge conducted a further inquiry into the circumstances of the offense. Appellant acknowledged he was a member of the same military police unit as the victim, and he admitted that, because of such assignment prior to the commission of the offense, he was aware the victim would be "going on duty." He further admitted that immediately before commission of the offense he "just got off duty" and, while still in uniform, he took the item in question.

In *United States v. Hedlund*, 2 M.J. 11, 14 (C.M.A.1976), the Court rejected a contention that military jurisdiction over an off-post offense can be "predicated solely upon the military status of both the wrongdoer and the victim." The correct test for service cognizability of an off-base offense is a thorough examination of all the facts and circumstances according to the criteria propounded by the United States Supreme Court. *United States v. Moore*, 1 M.J. 448 (C.M.A.1976). Appellant submits that this test requires a determination that court-martial jurisdiction did not exist as to Specification 4 of the Charge. We disagree.

In *United States v. Uhlman*, 1 M.J. 419 (C.M.A.1976), the Court held that the application of the criteria set forth by the Supreme Court in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), precluded the attachment of military jurisdiction over the offense of forgery of a check while off base, notwithstanding the accused had stolen the instrument from an automobile of a fellow serviceman. Among the factors stressed by the Court were the following:

> There is no connection between the appellant's military duties and the crime. There was no military victim. . . .
> There exists no flouting of military authority, nor is there a threat to the security of a military installation.

*Id.* at 420. *See also United States v. Sims*, 2 M.J. 109 (C.M.A.1977); *United States v. Tucker*, 1 M.J. 463 (C.M.A.1976).

Here, there was a direct relationship between the appellant's military duties and the crime in that his duty assignment enabled him to ascertain that the victim would be on base and away from the place of the property he intended to steal. Further, appellant's own status as a military policeman required that he perform as such off base as well as on; consequently, acting as a criminal constituted a direct flouting of military authority, even though he was, at the particular time, away from the geographic limits of the base. As in *United States v. Moore, supra,* we conclude that the military interests in this offense outweigh those of the civilian community, and that the requirements for military jurisdiction, as set forth in *Relford v. Commandant, supra,* and its predecessor *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), were met.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur in the result reached by Judge Cook. I find that there is sufficient connection between the appellant's military duties and the challenged larceny offense to warrant, in conjunction with other jurisdictional factors, a conclusion that court-martial jurisdiction existed in the present case. However, I must expressly disassociate myself from the majority's conclusion with respect to the appellant's status as a military policeman.