**UNITED STATES, Appellee,**

v.

**Second Lieutenant Louis T. DeSTEFANO, SSN 071–38–8349, United States Army, Appellant.**

**CM 434035.**

U. S. Army Court of Military Review.

21 July 1978.

Captain Steven J. McAuliffe, JAGC, Captain Lawrence E. Wzorek, JAGC, and Captain Michael P. LaHaye, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain John F. DePue, JAGC, Captain Gary F. Thorne, JAGC, and Captain Richard A. Gallivan, JAGC, were on the pleadings for appellee.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

This case concerns the jurisdiction of the Army to try an officer for his off-post, off-duty conduct in possessing and using marihuana with enlisted persons of his unit. Also included are questions of illegal pretrial confinement and the disqualification of the convening authority.

Over a six month period the appellant, a second lieutenant in a military police unit at Aberdeen Proving Ground, Maryland, allegedly joined in pot smoking sessions with soldiers of his organization. The sessions occurred off-post. Another military police officer and a few civilians were also involved.

When the military authorities learned of the officer-enlisted marihuana sessions, they initiated an investigation. To thwart that investigation and the criminal judicial procedures that followed, the appellant and others embarked upon a series of activities that resulted in charges of conspiracy to commit perjury and obstruction of justice.[1]

---

1. The appellant was convicted of twelve offenses as follows:

   a. Use of marihuana (six specifications), Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.

   b. Conduct unbecoming an officer by possession and use of marihuana with enlisted men (four specifications), Article 133, UCMJ, 10 U.S.C. § 933.

   c. Conspiracy to commit perjury, Article 81, UCMJ, 10 U.S.C. § 881.

   d. Obstruction of justice, Article 134, UCMJ, 10 U.S.C. § 934.

## I

■ Appellant contends that the court-martial had no jurisdiction over the six offenses alleging wrongful use of marihuana off-post.[2] These offenses occurred over a three week period in the off-post residences of appellant and others, primarily in communities in the vicinity of the military installation. The appellant argues that under the theory of *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) and *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976), there was no service connection between the offenses and the military, and thus no subject-matter jurisdiction.

Without going into an extended comparison of the facts of this case with the criteria announced in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), we think it sufficient to point to two factors as establishing the necessary service connection supporting jurisdiction. The first factor is the peculiarly military relationship that must be maintained between superiors and subordinates. Historically it has been an offense for an officer to "[d]emean . . . himself . . . with soldiers or military inferiors . . ." as by drinking or carousing or gambling with enlisted men. Winthrop's Military Law and Precedents, 710–717 n. 44 (2d edition, 1920 Reprint). The reason, as Colonel Winthrop points out, is that such action compromises the officer's character and position and thereby undermines discipline. More recently, the Court of Military Appeals in *United States v. Lovejoy*, 20 U.S.C.M.A. 18, 42 C.M.R. 210 (1970), recognized the special military significance of offenses involving the officer-enlisted relationship by finding jurisdiction over off-post acts of sodomy between a Navy lieutenant and a sailor.

The second basis for service connection is the special status of this appellant as a military policeman. As stated by Judge Cook in the majority opinion in *United States v. Whatley*, 5 M.J. 39 (C.M.A.1978):

[A]ppellant's own status as a military policeman required that he perform as such off base as well as on; consequently, acting as a criminal constituted a direct flouting of military authority, even though he was, at the particular time, away from the geographic limits of the base. 5 M.J. at 40.

*See also United States v. Conn*, No. 434036 (A.C.M.R. 6 February 1978); *United States v. Wright*, 2 M.J. 1086 (A.C.M.R.1976), *aff'd* 4 M.J. 87 (C.M.A.1977). In the instant case, appellant's status and that of most of the enlisted men as military policemen, directly flouted authority and demanded court-martial action to vindicate the military need for discipline.

For the reasons stated above, we hold that the court-martial had subject matter jurisdiction over these offenses.

## II

■ The appellant contends the convening authority was disqualified from acting in referring this case to trial because of the nature and extent of his pretrial involvement.[3] He argues that the convening au-

---

The appellant was acquitted of nine other offenses as follows:

    a. Use of marihuana (two specifications), Article 134, UCMJ, 10 U.S.C. § 934.

    b. Possession of marihuana (two specifications), Article 134, UCMJ, 10 U.S.C. § 934.

    c. Sale of marihuana, Article 134, UCMJ, 10 U.S.C. § 934.

    d. Conduct unbecoming an officer by possession and use of marihuana with enlisted men (two specifications), Article 133, UCMJ, 10 U.S.C. § 933.

    e. Obstruction of justice (two specifications), Article 134, UCMJ, 10 U.S.C. § 934.

He was sentenced to confinement at hard labor for 3½ years, total forfeitures, and dis-

missal from the service. The convening authority reduced the period of confinement by three months and approved the remainder of the sentence.

**2.** Parallel charges to four of the six offenses were laid under Article 133, UCMJ, as conduct unbecoming an officer, (possessing and using marihuana with enlisted men under his authority). No jurisdictional attack is made on those charges.

**3.** The convening authority was disqualified from taking post-trial action on the record of trial as a result of granting immunity to one witness and leniency to others. He properly

thority became an accuser when his interest in the case became personal, rather than official. Among the cited instances of personal interest are keeping abreast of the developing investigation, issuing a search warrant, authorizing the use of a helicopter, and approving the arrest and confinement of the appellant. The Government counters by pointing out that these functions are nothing more than the routine administrative responsibilities of the commander, and with that we agree.

The convening authority was not a victim of the offense, nor in our opinion did his interest cross the line from official to personal. As could be expected, this case received considerable command attention but that alone is not disqualifying. Trial defense counsel conceded that the convening authority's actions were not improper, but argued that his close involvement made him an accuser.

The military judge heard evidence and argument and denied the motion to disqualify the convening authority. We think he ruled correctly; he did not abuse his discretion.

### III

■ The appellant argued at trial and he raises again before this Court the question of illegal pretrial confinement. He maintains that the convening authority who approved the confinement did not consider whether he would flee—assertedly the only basis for pretrial confinement.

The appellant is correct when he states that the convening authority did not consider the question of flight in deciding upon confinement, but he is incorrect when he says that flight is the only consideration and that concern for appellant's influence on others is not a proper determinant of the decision to confine. In his lead opinion in *United States v. Heard*, 3 M.J. 14 (C.M.A. 1977), Judge Perry stated:

> We have long recognized that the necessity to assure the presence of an accused at his trial is an interest which will support restrictions on the individual's pretrial activities, assuming that a showing is made that it is not likely that he will be present absent them. The only other concern of the people which suggests itself as being so weighty is the importance of avoiding foreseeable future serious criminal misconduct of the accused, including any efforts at obstructing justice, if he is set free pending his trial. . . .
>
> 3 M.J. at 20.

The second concern of Judge Perry, obstruction of justice, was the main reason the convening authority confined appellant. That the convening authority was justified in fearing that justice would be obstructed was borne out by appellant's conviction for that offense and for conspiracy to commit perjury. There is ample evidence in the record to establish the legal basis for the pretrial confinement and appellant cannot complain that he received a 3-month reduction in sentence to which he was not entitled.[4]

transferred the case to another convening authority for that action.

4. The procedure followed in resolving the issue of illegal pretrial confinement was somewhat muddled in this case. There was never any dispute as to the existence of probable cause to confine appellant; the sole question being whether he should remain in confinement. A military magistrate reviewed the case and determined confinement was no longer necessary and appellant was released.

The issue was raised by motion in the trial forum. It is not clear whether the military judge made his ruling on the basis of an abuse of discretion by the military magistrate, or whether he in effect allowed litigation of the issue and ruled on the evidence before him. Under either procedure it was clear that the confinement was legal. Out of an abundance of caution, however, the trial judge instructed the court to credit appellant with the three months pretrial confinement served, in the event they imposed confinement as an element of their sentence. The court imposed confinement but neglected to reduce the period by three months. The convening authority made the reduction in his action.

For a discussion of the procedures to be followed and the standards to be used in resolving this issue in the trial forum and in this Court, *see United States v. Otero*, 5 M.J. 781 (A.C.M.R. 1978).

## IV

The four specifications charged as violations of Article 133, UCMJ, alleged in pertinent part that appellant "did . . . engage in conduct unbecoming an officer and a gentleman, to wit: being in possession of and using marihuana in the presence of enlisted members of the United States Army over whom he had occasion to exert his authority and position as an officer." Notably missing from the specifications are words denoting criminality in the use and possession of the marihuana. Are the specifications, absent an allegation of "wrongful" or "unlawful" use and possession, sufficient to allege violations of the Code?

The Manual for Courts-Martial, United States, 1969 (revised edition), provides that a specification should include:

"(3) A statement in simple and concise language of the facts constituting the offense." Paragraph 28a; MCM (Rev. ed.).

To constitute an offense under Article 133, UCMJ, the conduct must amount to:

Action or behavior in an official capacity which, in dishonoring or disgracing the individual as an officer, seriously compromises his character as a gentleman, or action or behavior in an unofficial or private capacity which, in dishonoring or disgracing the individual personally, seriously compromises his standing as an officer. (Para. 212a, MCM (Rev. ed.)).

It is unnecessary that the conduct amount to an offense otherwise, but it must be so gross as to dishonor or disgrace the individual. *United States v. Giordano*, 15 U.S.C. M.A. 163, 35 C.M.R. 135 (1964); *United States v. Wolfson*, 36 C.M.R. 722 (A.B.R. 1966); *Winthrop, supra*, at 711–712.

As there are no words showing the conduct amounted to a crime (*United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967); *United States v. Saunders*, 1 C.M.R. 663 (A.F.B.R.1951)), and as the words "conduct unbecoming an officer and gentleman" add nothing to the specifications (*United*

*States v. Lockstrom*, 48 C.M.R. 202 (A.F.C. M.R.1974); *United States v. Wolfson, supra* ), we must examine the specifications to see if they are otherwise sufficient to describe conduct so disgraceful to the officer concerned as to amount to an offense.

■ We conclude that the specifications do not allege an offense. Lacking a showing that the marihuana use and possession was unlawful, we have nothing more than an allegation that the appellant, an MP, smoked and possessed marihuana legally in the presence of enlisted men.[5] That is not sufficient. *United States v. Wolfson, supra. Cf. United States v. Giordano, supra; United States v. Alcantara*, 39 C.M.R. 682 (A.B.R.1968), *aff'd* 18 U.S.C.M.A. 372, 40 C.M.R. 84 (1969). Further, the fact that the conduct occurred in the presence of enlisted men, would not amount to the offense of fraternization, absent a showing of disgraceful activity. *See United States v. Lovejoy, supra.*

The findings of guilty of Specifications 1–4, Additional Charge III, are set aside and those charges are dismissed. The remaining findings of guilty are affirmed.

The charges dismissed were considered multiplicious for sentencing purposes with other allegations under Article 134, UCMJ, based upon the same incidents. We find no prejudice on the sentence and no reassessment necessary. The sentence is affirmed.

Judge FULTON and Judge FELDER concur.

---

5. As noted above, the dishonorable conduct need not constitute an offense otherwise. When, however, there are involved drugs that might somehow be possessed and used lawfully, it is necessary to allege that the circumstances were wrongful.