UNITED STATES, Appellee,

v.

David M. CONN, Second Lieutenant, U. S. Army, Appellant.

No. 35,941.

CM 434036.

U. S. Court of Military Appeals.

April 9, 1979.

For Appellant: *Captain William L. Finch* (argued); *Major Benjamin A. Sims, Captain Grifton E. Carden* (on brief); *Captain John E. Caulking.*

For Appellee: *Captain Landon P. Snell, III* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Paul W. Jacobson* (on brief); *Major David McNeill, Jr., Captain Laurence M. Huffman.*

## Opinion of the Court

FLETCHER, Chief Judge:

In accordance with his pleas, the appellant was found guilty of different violations[1] of the Uniform Code of Military Justice stemming from his possession and use of marihuana at various places on separate occasions between October 5, 1974, and January 19, 1975. The general court-martial composed of members sentenced the appellant to be dismissed from the service. The convening authority approved these findings of guilty and the sentence. The United States Army Court of Military Review set aside some findings of guilty[2] as multiplicious but affirmed the remaining findings of guilty and the sentence.

The sole issue as to jurisdiction raised on appeal by the appellant and granted by this Court for review is the "service connection" if any, of Additional Charge IV, for the off-base use of marihuana in New York City, on January 1, 1975. *See Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The appellant was at the time of this offense an Army officer attached to U.S. Army Headquarters and Headquarters Company, Aberdeen Proving Ground, Maryland. The enlisted personnel in whose presence he used marihuana were members of the military police under his direction. At trial, the following facts were stipulated to by both parties:

7. There were other parties or gatherings where Lieutenant Conn smoked marijuana in the presence of enlisted men. On the 1st of January 1975, Lieutenant Conn, along with Lieutenant DeStefano, Specialist Hanson, Specialist Wilson, Private Sexton and some civilians went to New York City and visited Lieutenant DeStefano's cousin in Queens. Everybody stayed at DeStefano's cousin's house where there was a party on the night of 1 January 1975. Besides the above military personnel, several other civilians were present and marijuana was smoked. Lieutenant Conn smoked marijuana at this party.

The Government argues that "service connection" sufficient to establish jurisdic-

---

1. The appellant pleaded guilty and was found guilty by the military judge of Charge I, violation of Article 92, Uniform Code of Military Justice; specification 2, wrongful possession of marihuana at Aberdeen, Maryland, on October 5, 1974. Charge II, violation of Article 133, UCMJ; specification 2, conduct unbecoming an officer by possessing and using marihuana at Aberdeen, Maryland in the presence of enlisted men under his authority on October 5, 1974. Additional Charge II, violation of Article 134, UCMJ; specification 2, wrongful use of marihuana at Bel Air, Maryland, on January 7, 1975; specification 3, wrongful use of marihuana at Aberdeen, Maryland, on January 9, 1975; specification 4, wrongful possession of marihuana at McGuire Air Force Base, New Jersey, on January 19, 1975. Additional Charge III, violation of Article 133, UCMJ; specification 2,

conduct unbecoming an officer by possessing and using marihuana at Bel Air, Maryland, in the presence of enlisted men under his authority on January 7, 1975; specification 3, the same as above on January 9, 1975; specification 4, conduct unbecoming an officer by possessing marihuana at McGuire Air Force Base, on January 19, 1975, in the presence of enlisted men under his authority. Additional Charge IV, violation of Article 134, UCMJ; specification, wrongful use of marihuana on January 1, 1975, at Queens, New York. 10 U.S.C. §§ 892, 933, 934, respectively.

2. The United States Army Court of Military Review set aside the findings of guilty as to Charge I, specification 2, and Additional Charge II, specifications 2 and 3.

tion over this offense exists for three reasons.

■ The first theory of service connection espoused by the Government rests on the holding of the Court of Military Review that jurisdiction existed over this off-base offense because of the appellant's involvement with subordinate military policemen. In *United States v. Saulter,* 5 M.J. 281, 284 (C.M.A.1978), we rejected a similar argument where there was no evidence of record that any military association between the parties on-base or in the performance of military duties brought about the sale of drugs to servicemen off-base and off-duty. *Cf., United States v. Whatley,* 5 M.J. 39, 40 (C.M.A.1978) (Fletcher, C. J., concurring in the result). In the present case, the record of trial does not affirmatively establish that the appellant's use of marihuana at a civilian's apartment in New York City while off duty and in the company of civilians and service members was a specific product of his military associations on-base or in the performance of his duties. Accordingly, his or their status as military policemen is not sufficient alone to establish service connection over this particular offense charged under Article 134, UCMJ, 10 U.S.C. § 934. *See United States v. Williams,* 2 M.J. 81 (C.M.A.1976). *See United States v. Conn,* A.C.M.R. 434036 (6 February 1978) (Felder, J., concurring in part, dissenting in part).

■ A second theory proffered by the Government on appeal attempts to satisfy the jurisdictional holding of *United States v. Saulter, supra.* The government counsel argues that the appellant's on-duty status as his unit's executive officer enabled him to form "military friendships" with service members which precipitated his trip to New York and occasioned the commission of the crime charged in the presence of the above-mentioned service members. Such a theory, though on its face attractive, fails to embrace a sufficient modicum of specificity to meet the standards set out in *Relford. See United States v. Wilson,* 2 M.J. 24, 26, n. 2 (C.M.A.1976). Moreover, the stipulations of fact contained in the record of trial do not clearly establish that at the time of

this particular offense the appellant had not already blended into the civilian community or that the criminal intent to commit this particular act had been previously formed on-base or during the performance of his duties. *See United States v. McCarthy,* 2 M.J. 26, 29 (C.M.A.1976). Accordingly, the argument is found without merit.

■ The Government finally asserts that this court-martial had the power to try the appellant for Additional Charge IV because this offense merged for jurisdictional purposes with other offenses which were service-connected and with which it formed an overall pattern of criminal conduct. In such a situation the Government suggests that a piecemeal analysis is inappropriate to determine service-connection. As to this doctrine of "jurisdictional merger," we only need repeat what was reiterated in *United States v. Alef,* 3 M.J. 414, 416 (C.M.A.1977):

> This analytical process of carefully balancing the *Relford* criteria to determine whether the military interest in deterring the offense is distinct from and greater than that of the civilian jurisdiction, as well as whether this distinct military interest can be vindicated adequately in the civilian courts, must be completed on a case-by-case, offense-by-offense basis. *United States v. Hedlund,* 2 M.J. 11 (C.M.A.1976).

Accordingly, such a contention by the Government must be rejected.

In summary, we are again faced with the question left unanswered in *Relford v. Commandant, supra* 401 U.S. at 369, 91 S.Ct. 649, as to what constitutes the precise jurisdictional boundaries of a court-martial. Our decision in *United States v. Alef, supra* at 418–19, established a trial procedure to facilitate the resolution of this issue in a particular case by mandating full exploration of the jurisdictional basis of a charged offense at the trial level. While this case was tried before the *Alef* decision was handed down, on the facts stipulated to in this record of trial, we conclude service connection was not sufficiently established to warrant a finding of court-martial jurisdiction for the challenged offense. *See O'Callahan v. Parker, supra.*

## II

■ The second issue granted for appellate review by this Court is whether the convening authority, Colonel Ungerleider, was disqualified from referring these charges to court-martial because of his personal rather than official interest in the prosecution of the appellant. *See* Articles 22(b) and 1(9), UCMJ, 10 U.S.C. §§ 822(b) & 801(9). This is a question of law similar to that confronted in *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952). We must "determine whether, under the particular facts and circumstances [of this case] a reasonable person would impute to [the convening authority] a personal feeling or interest in the outcome of the litigation." *Id.* at 260. The appellant contends that the charges of conspiracy to commit perjury and of unlawfully influencing witnesses, lodged against the appellant for events allegedly transpiring around the Article 32, UCMJ, 10 U.S.C. § 832, investigation ordered by the challenged convening authority, but which were later withdrawn, transformed Colonel Ungerleider as a matter of law into a victim of these purported crimes. *See United States v. Marsh*, 3 U.S.C.M.A. 48, 11 C.M.R. 48 (1953). We do not find these charges in and of themselves to be sufficient to warrant the legal determination that this convening authority was a person with other than an official interest in the outcome of the litigation. Moreover, the lengthy record of trial on this issue supports this conclusion as a matter of fact in the present case.

■ The appellant also cites our decision in *Brookins v. Cullins*, 23 U.S.C.M.A. 216, 49 C.M.R. 5 (1974), as support for the contention that certain pretrial actions of the convening authority constitute such personal involvement in this prosecution as to render Colonel Ungerleider disqualified to refer this case to trial. In particular, he refers to the convening authority's briefing on the investigation, reading of witness statements, conferencing with the staff judge advocate and trial counsel, directing the appellant's immediate arrest, ordering a helicopter to accomplish this arrest and purported attempts to prevent the appellant's release from pretrial confinement. Initially, we point out that this last factual allegation is not supported by the record of trial. Secondly, our decision in *Brookins v. Cullins, supra,* cannot be reasonably construed to require as a matter of law that a convening authority be disqualified to refer a case to trial whenever he performs command functions embraced or reasonably anticipated within the Uniform Code of Military Justice. *See* Articles 7, 9, 10, 30, 32 and 34, UCMJ, 10 U.S.C. §§ 807, 809, 810, 830, 832 and 834, respectively. Such a position is untenable. Moreover, the lengthy and uncontroverted testimony of Colonel Ungerleider at trial substantially supports the conclusion that an official rather than personal performance of these pretrial command functions occurred in the instant case as a matter of fact.

## III

■ The third issue granted for review by this Court was whether the convening authority was disqualified from reviewing and taking action on the appellant's case, in accordance with Article 60, UCMJ, 10 U.S.C. § 860. *See United States v. Ward*, 1 M.J. 18, 19 (C.M.A.1975); *United States v. Choice*, 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975). The gist of appellant's argument is that the convening authority's personal involvement in the case as well as his testimony at the court-martial on the accuser motion disqualified him from performing impartially the post-trial review functions of the convening authority. As concluded earlier in this opinion, no personal involvement other than official interest can be attributed to the convening authority in the present case. In addition, review of the court-martial record indicates that the testimony of the convening authority was objective in nature and uncontroverted by testimony from the appellant, other witnesses, or evidence on the motion. *See United States v. McClenny*, 5 U.S.C.M.A. 507, 512–13, 18 C.M.R. 131, 136–37 (1955). Moreover, unlike the situation in *United States v. Reed*, 2 M.J. 64, 68 (C.M.A.1976), no clear

predisposition by the convening authority as to the salient issue is clearly indicated in the record of trial. *See United States v. Howard,* 23 U.S.C.M.A. 187, 48 C.M.R. 939 (1974). Accordingly, we conclude that he was not disqualified from reviewing this record of trial and taking action under Article 60, UCMJ.

The decision of the United States Army Court of Military Review as to Additional Charge IV and the sentence is reversed. The findings of guilty of this charge are set aside. Additional Charge IV is dismissed. The remaining findings of guilty are affirmed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for reassessment of the sentence on the remaining findings of guilty.

Judge PERRY concurs.

COOK, Judge (concurring in part and dissenting in part):

I disagree with the majority's conclusion that there was insufficient service connection to warrant the exercise of jurisdiction as to Additional Charge IV. A stipulation of fact reflects that appellant, who was the Executive Officer of a military police company, used marijuana in the presence of enlisted members of the same company. In my opinion, the military's interest was paramount to any interest of the civilian community. *See United States v. Whatley,* 5 M.J. 39 (C.M.A.1978); *United States v. Wright,* 2 M.J. 1086 (A.C.M.R.1976); *see also* my dissent in *United States v. Saulter,* 5 M.J. 281, 285 (C.M.A.1978). As to the remaining issues, I agree with the majority opinion. Accordingly, I would affirm the decision of the United States Army Court of Military Review.