**UNITED STATES, Appellee,**

v.

**Specialist Five Henry SCOTT, SSN 253–08–6726, United States Army, Appellant.**

**CM 442301.**

U. S. Army Court of Military Review.

28 Jan. 1983.

---

* *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Colonel William G. Eckhardt, JAGC, Captain David M. England, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was convicted of the premeditated murder of First Sergeant (1SG) Carnel Frasure in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (1976). A panel of officers and enlisted members sentenced appellant to a dishonorable discharge, confinement at hard labor for life, total forfeitures, and reduction to the grade of Private E–1. The convening authority approved the sentence. The only issue presented on appeal is whether the military properly exercised subject matter jurisdiction over the murder which occurred off-post.

We find jurisdiction was properly exercised for two reasons. First, appellant's avowed purpose for the slaying was to retaliate against 1SG Frasure for his part in counseling a female acquaintance of the appellant for her excessive indebtedness and lateness and ordering her to move back into the barracks. The act of the appellant served to frustrate the legitimate exercise of 1SG Frasure's authority and so provided an adequate basis for the exercise of court-martial jurisdiction, especially in view of the less than complete interest in prosecution of the crime that was manifested by civilian authorities.* *Relford v. Commandant,* 401 U.S. 355, 368, 91 S.Ct. 649, 657, 28 L.Ed.2d 102 (1971). Second, both appellant and his victim were servicemembers. Historically, a crime of violence committed by a member of the military upon a military person, was triable by court-martial regard-

---

* In a letter, the District Attorney for the Augusta Judicial Circuit in Georgia, observed that although his office was "unquestionably dedicated to prosecuting crimes of such a serious nature ... it [was] apparent that the motive for this crime was of a military nature in that the dispute which resulted in Frasure's death originated on Fort Gordon and arose out of the military environment."

less of whether the crime occurred within or without the confines of the military post. *Id.* 401 U.S. at 368, 91 S.Ct. at 657; *O'Callahan v. Parker,* 395 U.S. 258, 274, n. 19, 89 S.Ct. 1683, 1691, 23 L.Ed.2d 291 (1969); Winthrop, Military Law and Precedents, 2d ed. (1920); *see* Everett, "O'Callahan v. Parker-Milestone or Millstone in Military Justice," 1969 Duke L.J. 853 (1969). When both culprit and victim are servicemembers of the military, the offense "directly affect[s] military relations and prejudices military discipline." *O'Callahan,* 395 U.S. at 274, n. 19, 89 S.Ct. at 1691, n. 19. The Court of Military Appeals has, however, held that military status of the wrongdoer and victim alone will not sanction jurisdiction, *United States v. Conn,* 6 M.J. 351 (C.M.A.1979). Something more was present here; that is the indirect but distinct and palpable military association between the appellant and his victim. The offense had its basis in the on-post conduct of the participants and the fact that the offense was consummated off-post does not deprive the military of jurisdiction.

The findings of guilty and the sentence are affirmed.