**UNITED STATES, Appellee,**

v.

**Private First Class Bryan K. BURTON, SSN 489–62–1081, United States Army, Appellant.**

**CM 442996.**

U. S. Army Court of Military Review.

4 March 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Patrick F. Crow, JAGC, and Captain John D. Martin, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of attempted larceny and forgery, in violation of Articles 80 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 923 (1976), and sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $367.00 pay per month for three months and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The appellant now contends that the military judge erred by refusing to dismiss the forgery as multiplicious with the attempted larceny. We hold that (1) the military judge correctly denied the motion to dismiss the forgery; and (2) the military judge erred by treating the forgery and attempted larceny as separately punishable, but the error did not prejudice the appellant.

 The forgery and attempted larceny in this case consisted of changing the amount payable on a military payroll check from $150.00 to $750.00 and attempting to cash the altered check. The appellant altered the amount and uttered the altered check at the same time and place. He even used the same pen in the bank lobby to endorse the check and alter the amount. Because of this unity of time, place and objective we hold that the offenses were not separately punishable. See United States v. Irving, 3 M.J. 6 (C.M.A.1977); United States v. Burney, 21 U.S.C.M.A. 71, 73, 44 C.M.R. 125, 127 (1971); United States v. Rosen, 9 U.S.C.M.A. 175, 25 C.M.R. 437 (1958). However, because the offenses are proscribed by separate punitive articles of the Uniform Code of Military Justice, have different elements, and neither is included in the other, we hold that the military judge correctly refused to dismiss the forgery. See generally United States v. Baker, 14 M.J. 361 (C.M.A.1983).

Counsel have portrayed the case law on the issue of the multiplicity for punishment of forgery and larceny as being in conflict. We believe that the cases are consistent, with the different results explained by the factual differences among the cases. Where the forgery and the larceny have occurred at the same time and place, they have been found multiplicious for sentencing but not for findings. See United States v. Rosen, supra; United States v. Cashwell, 45 C.M.R. 748, 749 (ACMR), pet. denied, 21 U.S.C.M.A. 651, 45 C.M.R. 928 (1972), citing with approval United States v. Pineo, 31 C.M.R. 347 (ABR), pet. denied, 12 U.S.C. M.A. 762, 31 C.M.R. 314 (1961) (larceny committed by signing another's name to pay voucher at the time money was received from cashier); United States v. Tucker, 29 C.M.R. 790 (AFBR 1960) (larceny committed by signing another's name to credit charge slip at time of purchase of auto supplies); United States v. Caverly, 27 C.M.R. 812 (ABR 1959) (larceny of record player obtained by signing another's name to receipt); United States v. Bittinger, 23 C.M.R. 611 (ABR 1957) (larceny committed by uttering worthless check). Where they have occurred at a different time and place, they have been found separately punishable. See United States v. Hudson, 2 M.J. 958 (A.C.M.R.1976), aff'd, 5 M.J. 413 (C.M. A.1978); United States v. Kirkle, 50 C.M.R. 552, 554 (A.F.C.M.R.), pet. denied, 23 U.S.C. M.A. 668, 50 C.M.R. 904 (1975). See also United States v. Gibbons, 11 U.S.C.M.A. 246, 247, 29 C.M.R. 62, 63 (1960) (forgery and uttering forged check were "two separate acts which were not contemporaneous"); accord United States v. Masuck, 14 M.J. 1017 (A.C.M.R.1982).

The exceptionally lenient sentence imposed by the military judge in this case clearly indicates that the legal maximum was not an important factor in the military judge's determination of an appropriate sentence. Accordingly, we are satisfied that the military judge's erroneous computation of the maximum imposable period of confinement did not burden the appellant with a more severe sentence than he would otherwise have received.

We have considered the assignments of error brought to our attention pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and find them without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL concurs.

Judge WERNER absent.